SAM'L A. WILLIAMS, ADM'R, v. HARRIET M. DURST, ADM'X.

The payee of a promissory note, who endorses it and afterwards pays and takes it up, stands with reference to the makers in the same attitude as if he had never parted with it; his remedy being upon the note, and not upon an account for money paid to the use of the maker. In such case, an action is not maintainable for money paid.

The statute of limitations would bar the right of action of the endorser, who had thus paid the note, at the expiration of four years from the maturity of the note.

In an action by the endorser against the maker to recover back money paid by him as such endorser, if he sues upon the note, the statute commences to run, not from the time of payment, but from the time when the note became due and payable.

Even in the case of an accommodation endorser of a promissory note, it has been held, that if he pay the note, he cannot recover from the maker upon the money counts, but must sue on the note; and if the note be barred by the statute, he cannot recover, although he may have paid the amount to the holder before the bar of the statute had interposed.

In the case of an accommodation acceptor of a bill of exchange, it has been held that the statute begins to run from the time of payment.

Where the plaintiff's petition set forth and relied on a written instrument as a mortgage, oral testimony tending to prove that defendant had stated that he had made to the plaintiff a mortgage, is not competent proof of the execution and contents of the instrument described.

Where secondary evidence of the contents of a mortgage alleged to have been given to secure the payment of a certain debt is resorted to by the plaintiff seeking to foreclose the mortgage, and it fails to connect the mortgage with the debt in question, or to show on what account or to secure what debt it was given, such proof cannot support a verdict and judgment of foreclosure.

ERROR from San Augustine.    Tried below before Hon. A. W. O. Hicks.

This suit was brought by John Durst on the 14th February, 1856, against the plaintiff in error, as administrator *de bonis non* of the estate of Albert G. Kellogg, deceased, on an account against said estate, for thirty-four thousand three hundred and seventy-three 55-100 dollars, by him paid on the 13th day of September, 1849, which he had presented to said administrator for approval, on the 1st day of February, 1850, and was by him rejected.

As the basis of his action to recover said account, plaintiff alleged that Kellogg in his life time, with George Allen and John S. Roberts, in the year 1838, were indebted to one Eustis Prescott in the sum of eighteen thousand three hundred and thirty-two 52-100 dollars ; that said debtors of Prescott on the 28th day of April, 1838, in order to secure the payment of said sum to Prescott, applied to the plaintiff to become their security to said creditor, and to induce his consent, Kellogg promised to give him a mortgage upon a large amount of property to indemnify him against such liability, so to be contracted for their benefit.

Plaintiff alleged that he consented to become their security to Prescott for said sum of money, and accordingly on said 28th day of April, 1838, Kellogg, Allen, and Roberts made their four several notes, payable to the order of the plaintiff for the sums respectively of three thousand and fifty-five 42-100 dollars, two of them for the same sum precisely, both due twelve months after date ; the other two notes for the sum of six thousand one hundred and ten 84-100 dollars each, due fifteen and eighteen months after date, and each bearing ten per cent. interest per annum, and dated the

28th day of April, 1838, which notes he alleges, at the special instance and request of Kellogg, he endorsed and delivered to Prescott.

The petition alleged further, that to secure the plaintiff against liability from said endorsements, Albert G. Kellogg, on the second day of June, 1838, made to plaintiff a mortgage upon a lot and storehouse thereon in the town of San Augustine, No. 146; a block of four lots in said town, with the buildings thereon, and upon all the goods, wares, merchandize, debts, &c., pertaining to the mercantile establishment of said Kellogg. The petition set out a copy of the mortgage, which recited and described the four notes and the endorsements thereof, as above set forth; and the condition of the mortgage stipulated that the interest conveyed thereby should cease, determine, and be void, in case said Kellogg Allen, and Roberts should pay at maturity the said notes described therein.

Plaintiff alleged the failure of the makers to pay the notes, and that by reason thereof he was forced to, and as endorser thereof, on the first day of September, 1846, did pay the same with interest thereon, amounting to the sum of thirty-four thousand three hundred and seventy-three 55–100 dollars. The petition prayed for judgment for the acknowledgment of the plaintiff's claim against the estate for said sum of money, as money paid and advanced by the plaintiff for the use and benefit of said Kellogg, and that an account be taken by the court to determine the amount which should appear to be due. Plaintiff also prayed for an account to be had of the rents and profits of the buildings included in the mortgage, and for a foreclosure of the mortgage, and decree of sale of the lots; and in an amended petition, it was averred that the block of lots referred to in the mortgage, were known on the town map as lots No's 153, 154, 167, and 168. The defendant answered by demurrer; the general issue; a plea of the statute of limitation of two years, and of four years; and a special answer.

The question as to the bar of the four years statute of limitation, as applied to the mortgage, was presented by the demurrer as a special ground of exception. The defendant pleaded that the plaintiff's cause of action, if any he had, accrued more than four

years before the commencement of this suit; also, that his cause of action arising on the notes set forth in his petition, accrued more than two years before the commencement of this suit. The defendant alleged in his special answer, that Kellogg died A. D. 1839, that K. L. Anderson, in September of the same year, was appointed administrator of his estate, and, notwithstanding due notice given of said administration, that the plaintiff failed to present, within twelve months, his claim against said estate, to said administrator. Defendant alleged that said Anderson died; and that afterwards, on March 30th, 1847, he was appointed administrator *de bonis non* of the estate of said Kellogg, and that said plaintiff alike failed to present, within twelve months, to him as administrator, the claim now here sued on. The defendant also pleaded that the mortgaged property belongs to the heirs of Ebenezer Kellogg, deceased.

The defendant's exceptions to plaintiff's petitions, original and amended, were overruled.

On the trial, the plaintiff offered as evidence and read his account against the estate of Kellogg for the several sums due on said promissory notes, on the 1st day of October 1848, (describing the notes and specifying the amount and rate of interest, &c.,) making in the aggregate thirty-four thousand three hundred and seventy-three dollars and fifty-five cents; which account was authenticated and duly sworn to as required by the probate law. The plaintiff proved the presentation of the same to the defendant as administrator for allowance a few days before the institution of this suit, and his refusal to allow the account was endorsed thereon. The plaintiff's attorney, Payne, made oath that the original mortgage was lost or mislaid; that it could not be procured, and has been recorded. The plaintiff offered a certified copy of it, purporting to be from the registry of the original; objections to the authentication of the original for record were sustained, and the plaintiff offered the depositions of John P. Borden to the effect following, to wit: "that A. G. Kellogg in 1838, told him that he had mortgaged the lots on which the brick church is situated, to John Durst." Defendant objected to this testimony, "because it was an attempt to establish by parol testimony what the petition

alleged was in writing, to wit, the mortgage." The court ad-mitted the evidence, overruling the objection, to which the defendant excepted. Plaintiff proved by another witness, that the lots on which the "brick church" is situated, are lots No. 167 and 168, according to the plan of the town of San Augustine, and are on Main street.

Plaintiff proved by another witness, that the notes described, and which the plaintiff attached to interrogatories propounded to him, had once been in witness' possession for suit; and that after-wards, in accordance with instructions given to him by the agent of Eustis Prescott, to deliver said notes to John Durst, on the 10th of December, 1848, he surrendered them to the attorneys of said Durst.

Plaintiff read in evidence the notes; to the introduction of the same as evidence the defendant objected; the objection was over-ruled, and the defendant excepted.

The judge charged the jury as follows: "If you are satisfied from the testimony, that the plaintiff's intestate, John Durst, paid for the defendant's intestate, A. G. Kellogg, as endorser of his note or notes, the money described or claimed in the petition or any part thereof, find for plaintiff the amount so paid, unless you are satisfied from the testimony, that more than two years elapsed from the time of said payment to the time of the filing the petition in this case. If so, find for the defendant.

"If the plaintiff has produced the notes, it is *prima facie* evi-dence of payment by plaintiff; and if he was the endorser of the notes, it is sufficient evidence to prove payment in the absence of testimony to the contrary. But if there is contrary evidence, find as you are satisfied, from the testimony as applicable to the case, you should find."

The plaintiff asked the court to charge the jury, "that if they found from the testimony that any of the lot or lots, or all of them, were mortgaged as alleged, to find for the plaintiff as to the lot or lots so proved." Refused.

The defendant asked the court to instruct the jury, "that to entitle the plaintiff to recover they must be satisfied that Durst

was a surety on the notes for Roberts, Allen & Kellogg, as alleged." Refused.

Verdict for the plaintiff for $34,373 37.

Since the commencement of the suit the plaintiff had died, and Harriet M. Durst being the administratrix, and now plaintiff, judgment was rendered in her favor against the defendant as administrator of Albert G. Kellogg, deceased, for the sum above specified, to be paid in due course of administration.

The defendant filed a motion for a new trial upon the grounds that the court erred in overruling the exceptions of defendant; in admitting the testimony of John P. Borden; in its charge to the jury; in refusing the charge asked by the defendant; that the verdict of the jury was contrary to the law and charge of the court; and was contrary to, and without sufficient evidence. The motion was overruled, and defendant upon his writ of error, assigned as error, the ruling as aforesaid on the motion for a new trial, and also, that the court erred in allowing the plaintiff to read in evidence the account aforesaid; and in allowing the notes and endorsements thereon to be read in evidence. The plaintiff, (defendant in error) assigned as error, that the court erred in sustaining defendant's objection to the reading as evidence the mortgage from Kellogg to Durst; and in excluding said mortgage on the trial.

*T. W. Jones*, for the plaintiff in error.—I submit that the defendant's second exception to plaintiff's petition ought to have been sustained. The exception was as follows:

" It does not state that plaintiff's claims were authenticated by affidavit of plaintiff or any other person before being presented to present administrator of said Kellogg, nor the manner thereof, nor before whom."

It is a general rule of pleading that whatever is necessary to be proved to maintain a cause of action or to sustain a defence, must be properly alleged in the pleading.

In the case at bar it was necessary for the plaintiff to show, to entitle him to bring his suit in the District Court, that he had

presented his claim or evidence of debt to the defendant as administrator of Kellogg, accompanied by an affidavit in writing, made by himself or by his agent, before some officer in the county authorized to administer oaths, that his claim or evidence of debt was just and that all legal offsets, payments and credits known to the affiant had been allowed, and that the administrator had rejected the claim or evidence of debt. (Hart. Dig., Art. 1158–9, 1160.)

Then it was necessary for plaintiff to allege these facts in his petition.

This he has not done. All that he states on the subject is, " that on the 13th day of September, 1849, your petitioner presented the said claims, authenticated as the law directs, to the said Samuel A. Williams, administrator of said Kellogg, deceased, for his approval on the first day of February, 1850, but the said administrator refused to allow and approve the said claims."

The plaintiff merely sets out the notes executed by Roberts, Allen and Kellogg, as his claims or evidence of debt in his petition, without the accompanying affidavit required by article 1158 of the Digest.

There is nothing in the pleadings which show that the notes set up as plaintiff's claims were ever authenticated as the law directs. Nothing but the bare assertion of the pleader that such was the fact.

The affidavit ought to have been attached to the notes, and attached with the notes to the pleadings and made a part thereof.

Without this the District Court could not take cognizance of the case.

The failure then of the plaintiff to set out the affidavit in connection with the notes makes it apparent from the face of the pleadings themselves, that the District Court did not have jurisdiction of the case. And the court ought therefore to have sustained the defendant's second exception.

The second assignment of error is that the court erred in its charge to the jury.

The charge of the court reads thus: " If you are satisfied from the testimony that the plaintiff's intestate, John Durst, paid for the defendant's intestate, A. G. Kellogg, as endorser of his

43Y

note or notes, the money described or claimed in the petition, or any part thereof, find for plaintiff the amount so paid, unless you are satisfied from the testimony that more than two years elapsed from the time of said payment to the time of filing the petition in this case. If so, find for defendant. If the plaintiff has produced the notes it is *prima facie* evidence of payment by plaintiff, and if he was the endorser of the notes it is sufficient evidence to prove payment in the absence of testimony to the contrary. But if there is contrary evidence, find as you are satisfied from the testimony as applicable to the case you should find."

It seems to me to be apparent beyond all doubt, that the charge of the court is erroneous under the pleadings and evidence in the case.

The defendant in his answers (as will be remembered by the court,) says that Albert G. Kellogg died in 1839, that letters of administration were granted on his estate to Kenneth L. Anderson at the September Term of the court, 1839, that Anderson afterwards died and letters of administration *de bonis non* on Kellogg's estate were granted to Samuel A. Williams, the defendant, on the 30th of March, 1847.

The defendant also says in his answers that the notes described in plaintiff's petitions were barred as against him at the commencement of this suit, by the statute of limitations of four years.

The evidence that was before the jury in this case is as follows : " The account of plaintiff; the four notes described in plaintiff's petition; the letters of administration of Kenneth L. Anderson, showing that he was appointed administrator of Kellogg on the 2nd day of October, 1839, and the admission of plaintiff in his petition, that Samuel A. Williams, the defendant, was appointed administrator, *de bonis non*, of Kellogg's estate, on the 30th of March, 1847; the testimony of plaintiff's witnesses (Taylor) stating that Samuel Jones, the agent of Prescott, delivered the notes on the 16th of December, 1848, to Ardry & Payne, the attorneys of John Durst, according to the instructions of Prescott; and the fact which appears from the record that this suit was commenced on the 14th day of February, 1850."

The above was the evidence and all the evidence before the

jury on the trial of this cause, except the statement of the witness John P. Borden, " that he was acquainted with Albert G. Kellogg as early as 1835, and knew John Durst; that said Kellogg, in 1838, told witness that he had mortgaged the lots on which the brick church is situated, to John Durst."

Then the faces of the notes themselves furnish the only evidence as to the relation which subsisted between John Durst and the defendant, A. G. Kellogg, and his co-makers of these notes in this transaction.

Now what does the face of the notes show? They show that John Durst was the payee in the notes and that he endorsed them. There is not a scintilla of evidence even tending to show that Durst, the payee, was in fact the surety of Kellogg and the other makers of the notes.

Then the question arises (Durst being the payee and endorser of the notes; and the presumption being that he, as endorser, paid off the notes to Prescott, on the 16th of December, 1848, from the fact that the notes were on that day delivered, by the order of Prescott, to the attorneys of Durst,) how was Durst to proceed against Kellogg to recover back from him as one of the makers of the notes what he had paid on them?

I maintain that the remedy of Durst against Kellogg was on the notes as the payee or endorser of the notes. In other words, Durst was compelled to sue Kellogg on the notes themselves.

This being true, (and I suppose it cannot be disputed,) the question arises as to what term of the statute of limitations ran in favor of Kellogg and against Durst, the term of four or of two years.

And if Durst was in fact the payee of the notes and endorsed them in blank to Prescott, (and the evidence shows this, and this only,) then I maintain that the statute of limitation of four years, and not the statute of two years, ran against Durst and in favor of Kellogg. This proposition is too plain to require the production of authorities to sustain it.

And now another question arises as to when the statute of limitations of four years commenced running against Durst and in favor of Kellogg. Whether from the time the notes became due,

or from the time that Durst paid them. ˙ I maintain that it com-
menced running from the time the notes became due.　In Angell
on Limitations it is said :　" But where the payee and endorser of
a promissory note, who endorsed for the accommodation of the
maker and without any consideration between them, and who
afterwards was compelled to pay the amount to the holder, it was
held, he cannot recover from the maker on any of the money
counts in *indebitatus assumpsit*, but must sue on the note.　And
if more than six years have elapsed between the time at which the
note fell due and the commencement of the action, he cannot re-
cover, although he may have paid the amount to the holder within
six years;" (page 118, § 100.)　To sustain the text, Kennedy v.
Carpenter, 2nd Whart. (Penn.) R., 344, is cited.　Our court has
never, I believe, adjudicated upon the question as to the remedy
of an accommodation endorser.

If this is the law in regard to a mere accommodation endorser
of a promissory note, much more is it the law in a case where the
endorser is the real payee of the note, as the evidence in the case
at bar shows the plaintiff's intestate, (John Durst,) to have been.

The statute of limitation of four years then commenced running
in the case at bar. against John Durst, from the time the notes be-
came due in favor of Kellogg.

And the evidence shows that the first note became due on the
28th day of April, 1839, just twelve months from its date; that
the second note became due at the same time ; that the third
became due on the 28th day of July, 1839, just fifteen months
from its date, and that the fourth note became due on the 28th
day of October, 1839.

The evidence also shows that at the time this suit was brought,
on the 14th day of February, 1850, a period of more than ten
years had elapsed from the time the first and second note became
due, (on the 28th of April 1839;) that a period of more than ten
years had elapsed from the time the third note became due, (the
28th July, 1839,) and that a period of more than ten years had
elapsed from the time the fourth note became due, (the 28th of
October, 1839.)

The evidence further shows that Kenneth L. Anderson was ap-

pointed administrator of A. G. Kellogg on the 2d of October, 1839, and that after his death Samuel A. Williams, the defendant, was appointed administrator *de bonis non*, of said Kellogg on the 30th March, 1847. And there is not one particle of evidence that John Durst ever presented these notes to either one of these administrators.

The evidence is that he presented an account against Kellogg's estate a short time before this suit was brought, to the defendant, Samuel A. Williams, not these notes.

Now it is manifest that these notes were barred by the statute of limitations of four years at the time this suit was brought.

If I am right in the view that I have taken of the law under the facts of this case, the charge of the court is radically wrong.

This court will perceive at a glance that the court below, in charging the jury, proceeded upon the idea that the remedy of John Durst, as endorser of the notes against the maker, A. G. Kellogg, was not upon the notes themselves, but upon the account which he made out, and therefore charged the jury that the statute of limitations of two years commenced running against Durst from the time of payment of the notes.

I cannot imagine why the court should have charged the jury thus, unless it was because the court supposed that the evidence showed that Durst was but a mere accommodation endorser of the notes, and as such was not bound to sue upon the notes themselves, but might sue upon the account.

If such was the view of the court, it was certainly wrong. There is not a particle of proof to be found in the record that Durst was a mere accommodation endorser of the notes, nor is there anything from which such an inference can be drawn. On the contrary, the notes themselves (and they furnish the only evidence on the subject,) show upon their faces that John Durst was the real payee and endorser of the notes.

The fourth assignment of error is that the court erred in admitting the testimony of John P. Borden.

Plaintiff proved by Borden "that he was acquainted with Kellogg in 1835, and knew Durst, and that Kellogg told witness that

he had mortgaged the lots on which the brick church stood to John Durst."

Defendant objected to this evidence, on the ground that it was an attempt to prove by parol what the petition alleged was in writing. The court overruled the objection and defendant excepted.

I submit that this evidence was clearly incompetent to establish the mortgage. The petition alleges that the mortgage was in writing, and the instrument purporting to be the mortgage had just been excluded from the jury by the court.

The mortgage itself was certainly the best evidence of itself, and the plaintiff, after it was excluded as a record, might have proved its execution.

There is no evidence that the plaintiff ever attempted to prove the execution of the mortgage.

I submit, then, that the court erred in admitting the testimony of the witness, John P. Borden.

The fifth assignment of error is that the court erred in allowing the plaintiff to read in evidence to the jury the account presented by John Durst to the administrator of Kellogg, (Samuel A. Williams,) together with the authentication thereof, and the endorsement made thereon by the administrator.

The objection taken by the defendant to the reading of this account is, that it was not described in the petition as being that which was sworn to and presented to defendant for his acceptance; that the notes are the only claims referred to in the petition.

There is not a word in the petition about an account. The plaintiff, after describing the notes, says the said claims were duly authenticated and presented to the defendant on the 13th September, 1849.

In the case of Parker v. Beaver, (9 Tex. R., 410,) the court say : "There is no principle better settled than that a complainant in a court of equity, as well as law, must recover, if at all, upon the identical case on which he has based his right to a recovery in stating his cause of action. This principle has been uniformly maintained by numerous decisions of this and other courts."

Williams v. Durst.

If the principle of this decision ought ever to be applied in any case, I think it ought to be applied in this.

The pleader in a case like this ought, it seems to me, to be held strictly in his proof to the case made by his pleadings.

A party has no right, in the first instance, to ask the District Court to establish a claim against a deceased person until he has complied with all the requirements of Arts. 1159, 1160, 1161 of the Digest. Until a party shows by his pleadings that he has complied with the provisions of the statute, a District Court has no jurisdiction of the case and can take none.

If a party, therefore, fails to make such a case by his pleadings as entitles him to go into the District Court for relief, will it be said that he may help out his case after he gets into the District Court, by the proof? Or, if he makes out a case by his pleadings which entitles him to go into the District Court for relief, and when he gets there his proof does not sustain the case made by his pleadings, shall it be said that he may still claim and maintain his standing in the District Court by evidence which establishes a case altogether different from that made by his pleadings? Surely not.

If these principles are applied to the case at bar, it is plain that the court erred in permitting the plaintiff to read in evidence to the jury his account. And this will be more apparent when it is remembered that the evidence in the case shows that the plaintiff is the real payee in the notes, and not a mere accomodation endorser.

*Moore & Walker*, for the defendant in error.

WHEELER, C. J.—The plaintiff, in instituting his suit upon an account for money paid for the use of the defendant's intestate, proceeded on the ground that he was an accommodation endorser of the notes mentioned in the petition, and paid them as surety for the makers. And the charge of the court appears to proceed upon the same idea. But this is not the case made out in evidence. There is no evidence that Durst endorsed the notes for the accommodation of the makers. They are made payable to

his order and by him endorsed in blank. If by his endorsement he transferred the notes, and afterwards paid and took them up, he then stood in reference to the maker in the same attitude as if he had never parted with them.  His remedy was upon the notes, and not upon an account for money paid to the use of the maker, and it cannot be doubted that the statute of limitation would bar the right of action at the expiration of four years from the maturity of the notes.  The contract between the maker and payee or first endorser is, that the former will pay the note according to its tenor and effect.  The obligation is created by the contract; the right of action is upon the contract; and the statute of limitations will bar the action of the payee against the maker, although the former, after the expiration of the period of the statutory bar, paid the note, and thus became re-possessed of it.  (Woodruff v. Moore, 8 Barb. N. Y. Sup. Ct. R., 171.)

Even in the case of an accommodation endorser of a promissory note, it has been held that if he pay the note he cannot recover from the maker upon the money counts, but must sue on the note; and if the note be barred by the statute he cannot recover, although he may have paid the amount to the holder before the bar of the statute had interposed.  (Kennedy v. Carpenter, 2 Wharton, 344 ; Ang. on Lim., § 100.)

In the case of an accommodation acceptor of a bill of exchange, it has been held that the statute begins to run from the time of payment.  (Ib.)  But it is plain that the payee of a note who does not appear to have endorsed it for the accommodation of the maker, which is the case here, has his right of action only upon the note, and the statute begins to run from its maturity.  Upon the evidence the action plainly was not maintainable upon the account for money paid; and if the suit had been upon the notes, the statute commenced to run, not from the time of payment, but from the time when the notes respectively became due and payable.  The law of the case was misconceived by the court in the charge to the jury, and in the ruling refusing a new trial.

A new trial ought to have been granted upon another ground. The deposition of the witness Borden was not competent proof of the execution and contents of the mortgage.  If the affidavit of

its loss by the attorney was a sufficient foundation for the introduction of secondary evidence of its contents, still the evidence wholly fails to connect the mortgage with the notes in question, or to show upon what account or to secure what debt it was given. It was manifestly insufficient to support a verdict and judgment for the foreclosure of the mortgage.

The judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.