TEXAS AND ST. LOUIS RAILWAY vs. NARRAMORE ET AL.

SUPREME COURT, TYLER TERM, 1883.

*Parties—Misjoinder.* Where it is disclosed during the progress of a cause that one co-plaintiff had no title or interest in the subject matter of the suit, when the acts complained of were committed, and done when the action was brought, such suit cannot be maintained by them jointly.

Appeal from Titus County.

Opinion by West, J.

In this case it is urged that the judgment of the district court was erroneous, because, though the pleadings did not, the evidence disclosed an improper joinder of parties plaintiff.

This was a joint action instituted by the appellees, Narramore and Preston, for the recovery of joint damages sustained by them by reason of the appellants, without their consent, laying of and grading their railroad through land alleged to be the joint property of the appellees. The appellee, Narramore, testified that he had once owned the land on which the trespass is alleged to have been committed. Before the date of the alleged injury, however, and before the institution of this suit, he had sold all his interest in it to his

co-plaintiff, Preston. He states positively that he owned no part of the land described in the petition when the acts complained of, and which were made the basis for recovery in this action were committed, or when the suit was brought. He further states that at some period after the commencement of this action he had repurchased from his co-plaintiff, Preston, thirty acres of land described in the petition. The evidence of the appellee, Preston, was, in substance, to the same effect.

A defect of parties plaintiff may, in cases like the present, be taken advantage of on the trial. Baily vs. Trammel, 27 Tex. 326; Holliman vs. Rogers, 6 Tex. 97. This last case, (Holliman vs. Rogers), though another point there decided is believed to be to some extent in conflict with the subsequent case of Sublett vs. McKinney (19 Tex. 438); see Tutt vs. Thornton (57 Tex. 36), and also that of Williamson vs. Durst, (25 Tex. 667), yet it has never been doubted as to the other points determined by it. See also 1 Chitty's Pl. 66.

Where it is disclosed during the progress of the cause that one co-plaintiff had no title or interest in the subject matter of the suit, when the acts complained of were committed, and done when the action was brought, such suit can not be maintained by them jointly. Gould's Pleadings, 196, 197; Furbish vs. Goodwin, 25 N. H., 425; May vs. Slade, 24 Tex. 208; Stately vs. Pierce, 28 Tex 328; Birmingham vs. Griffin, 42 Tex. 147; G., H. & S. A. R'y Co. vs. Peuffer, 56 Tex. 74.

The judgment is reversed and the cause remanded.