HOWELL v. BANK OF SNYDER et al.

(Court of Civil Appeals of Texas. San Antonio. June 4, 1913. Rehearing Denied June 28, 1913.)

1. LIMITATION OF ACTIONS (§ 100*) — RELIEF ON THE GROUND OF FRAUD.

A cause of action for fraud accrues at the time of the discovery of the fraud, or when it should have been discovered by the use of ordinary diligence, and limitations begin to run at that time.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 323, 480–493; Dec. Dig. § 100.*]

2. LIMITATION OF ACTIONS (§ 28*)—RELIEF ON THE GROUND OF FRAUD.

An action for deceit is an action for debt within the two-year statute of limitations (Rev. St. 1895, art. 3354, subd. 4).

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 134, 135, 142; Dec. Dig. § 28.*]

3. BANKS AND BANKING (§ 142*) — SPECIAL DEPOSITS—FRAUD—REMEDY OF BANKER.

A bank received from a depositor a check of a third person for $1,000 as a special deposit under an agreement that, if the depositor should deliver to the bank a release of a lien, the bank should transmit the release to the maker of the check, and turn over the check to the depositor. The depositor, who was indebted to the bank on a note for $1,000, falsely represented that he had procured the release, and the bank, relying thereon, applied the special deposit in payment of the note, and delivered to the depositor the note marked paid, and was then compelled to pay a judgment in favor of the third person for failing to return to him the deposit. Held, that the bank on the discovery of the fraud could sue the depositor on the note or for damages for deceit.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 410–413; Dec. Dig. § 142.*]

4. LIMITATION OF ACTIONS (§§ 25, 48*) — NOTES.

An action on a note is barred by the four-year statute of limitations, and an action not brought until after the expiration of four years from the maturity of the note is barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 113, 118–131; Dec. Dig. §§ 25, 48.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action by the Bank of Snyder against Eli Howell and another. From a judgment for plaintiff, defendant named appeals. Affirmed in part and reversed in part.

Mangum & Townsend, of San Antonio, for appellant. Douglas Cater, of San Antonio, for appellee.

TALIAFERRO, J. About February 21, 1907, Eli Howell and Chas. O. McCue, partners operating as Howell & McCue in the town of Snyder, Okl., deposited with the Bank of Snyder, appellee herein, a check of E. A. Patterson for $1,000 as a special deposit. Attached to the check was an agreement, in substance, that if Howell & McCue should within 30 days, or as soon thereafter as possible, obtain and deliver to the bank the release of a certain lien named in the agreement, the bank should transmit the release to Patterson, and turn over the $1,000 to Howell & McCue. The bank knew the contents of the agreement; its president having read it. At the same time Howell & McCue were indebted to the bank in the sum of $1,000, for which the bank held their note. This note was past due, having matured March 21, 1907. In August, 1907, G. J. Helena, the president of the bank, asked Howell if the release named in the agreement between him and Patterson had been obtained. Howell replied that it had, and that it was in the possession of his firm. Helena then asked Howell if there was any reason why the special deposit of $1,000 should not be applied in payment of the $1,000 due by Howell & McCue to the bank, and Howell replied that there was not, and requested that the application be made or at least acquiesced in its being made. The transaction, however, was not at once consummated. Later Helena spoke to McCue, the other partner, who also assured him that the release had been obtained, and that the money belonged to his firm. The release was not delivered to the bank as provided in the agreement, but Helena, president of the bank, placing full faith and credit in the representations of Howell and McCue, transferred the money to their credit in satisfaction of the debt and delivered the note, marked "Paid," to Howell & McCue, who accepted it without revealing the fact that the release had not been obtained by them. Soon thereafter, and prior to April 15, 1908, Patterson demanded of the bank the return of the $1,000 deposit, advising it that the release required in the escrow agreement had not been obtained by Howell & McCue. Why the bank did not return the money to Patterson and sue Howell & McCue on their debt is not revealed by the evidence, but it did not do so, and about April 15, 1908, Patterson sued the bank for the $1,000, with interest. On January 1, 1911, he obtained final judgment against the bank for $1,273, which was paid. In the meantime the defendants had removed from Oklahoma to San Antonio, Tex. On September 12, 1911, this suit was filed by the appellee Bank of Snyder against Howell & McCue to recover the amount paid to Patterson by it upon his judgment, with interest. Defendant McCue did not answer. Howell, after general and special exceptions, answered by general denial, and specially pleaded the statutes of two and four years limitation, and alleged that, if wrong had been done by him, appellee was party thereto, and that they were joint tort-feasors, and therefore appellee could not recover against him. Trial was had without a jury, and the court rendered judgment in favor of appellee against Howell & McCue for $1,273 with interest and costs. The case is in this court upon appeal by

Howell alone; McCue not complaining of the judgment.

There is but one question for us to determine in this case—that of limitation. Appellant, by specious sophistry, has labored to assume the pose of the injured party. But no aspect of the case presents him in an equitable light. He and his partner deliberately misled the appellee, to its injury, and he now pleads the statute of limitation against its just demand, and his plea must prevail. This suit was brought upon the theory that appellee's cause of action accrued at the time it actually paid the judgment of Patterson, and that its action was one for indemnity, and not of debt. But that is not the law.

[1] It is well settled in this state that in cases where one has been caused to suffer loss by reason of the deceit or fraud of another the cause of action thereon accrues at the time the deceit or fraud is discovered, or when it should have been discovered by the use of ordinary diligence on the part of the one damaged, and limitation begins to run against such cause of action at that time. Western Piano & Organ Co. v. Griffin, 90 S. W. 884; Ingram v. Abbott, 14 Tex. Civ. App. 583, 38 S. W. 626; Oldham v. Medearis, 90 Tex. 506, 39 S. W. 919; Boren v. Boren, 38 Tex. Civ. App. 139, 85 S. W. 48; Mortgage Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 377; Cetti v. Dunman, 26 Tex. Civ. App. 433, 64 S. W. 787; Standford v. Finks, 45 Tex. Civ. App. 30, 99 S. W. 449; Williams v. Durst, 25 Tex. 667, 78 Am. Dec. 548.

[2] It has, by a recent decision of our Supreme Court—Gordon v. Rhodes, 102 Tex. 300, 116 S. W. 40—been decided that an action for deceit is an action for debt and that such action is, under subdivision 4, art. 3354, Rev. Stat. 1895, subject to the bar of the two-year statute of limitation.

[3, 4] Therefore, when appellee on April 15, 1908, discovered that the representations made by Howell and McCue, upon which it surrendered their note, were false, and that the release provided for in the escrow agreement had not been procured by them, two recourses were open to them: They had the right to sue Howell & McCue upon the original note, or to bring an action against them for damages for deceit. In the former alternative, the statute of limitation would have been four years from the maturity of the note, and in the latter it would have been two years from the date of the discovery of the fraud. The bank elected to pursue neither of these courses, but defended the action of Patterson until final judgment, and after paying the judgment against it sued Howell & McCue for indemnity of their loss. When it finally filed its suit on September 12, 1911, the bar of the four-year statute of limitation was perfected against the note, and that of the two-year statute against its action for deceit. That appellant and his partner were bound by every moral obligation to pay the bank its debt the evidence leaves no room for question, but it has slept upon its rights until they are dead, and the courts cannot revive them. The statutes of limitation are wise provisions made necessary for the establishment of stable business relations. One who has so neglected his rights that the evidence which should establish or disprove them has become stale or has been lost should be the one to suffer, if any must, and the law which fixes the time after which he may not speak is a wise and beneficent one, though it may, and often does, enable the dishonest or the crafty person to prevail against right. The law must be universal, and, when a litigant has forfeited his equities by neglect, he cannot complain that the law prevails.

The judgment of the lower court against appellant Eli Howell is reversed, and judgment here rendered that appellee take nothing by its suit against this appellant and pay all costs by reason of its suit against him. The judgment of the lower court in favor of appellee against Chas. O. McCue is affirmed.