### BOSTICK v. HEARD.

(Court of Civil Appeals of Texas. Amarillo. Feb. 14, 1914. Rehearing Denied March 7, 1914.)

1. LIMITATION OF ACTIONS (§§ 49, 106*)—RUNNING OF STATUTE — NOTICE OF CAUSE OF ACTION.

When plaintiff received notice that the instrument bought by him of defendant, purporting to be a soldier's additional script, based on military services of B., was rejected as void by the federal General Land Office, on the ground that the records showed B. did not perform the services, the statute commenced to run against plaintiff's cause of action for the money paid therefor, and its running was not suspended by his appeal from the decision of said office.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 266–272, 516; Dec. Dig. §§ 49, 106.*]

2. LIMITATION OF ACTIONS (§ 28*)—CLAIM FOR FRAUD.

A claim on account of fraud and deceit in a sale is within Rev. St. 1911, art. 5687, subd. 4, prescribing a two-year limitation for actions for debt; the indebtedness not being evidenced by written contract.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 134, 135; Dec. Dig. § 28.*]

Appeal from Gaines County Court; W. R. Slaton, Judge.

Action by A. C. Heard against F. A. Bostick. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Chas. Gibbs, of Midland, and Gustavus & Jackson, of Amarillo, for appellant. J. M. Caldwell, of Midland, for appellee.

HALL, J. This is an appeal from the county court of Gaines county, and the court's findings of fact only which we adopt, as follows, sufficiently state the case: "In the above styled and numbered cause I find the following facts, to wit: (1) That on October 5, 1908, the defendant, F. A. Bostick, sold to A. C. Heard what purported to be a soldier's additional script, the same purporting to be based upon military services of one Josiah Brewer. (2) That thereafter, on the 6th day of February, 1909, the plaintiff, A. C. Heard, made his application, No. 016441, for the east half of the southwest quarter of section 20, township 16 S., range 38 E. N. M. M., within the Roswell land district of New Mexico, which application was made to the United States Land Office at Roswell, N. M. (3) I further find that the same was sent to the General Land Office of the United States at Washington, and that the same was rejected by said department, and held void, and the register and receiver at Roswell, N. M., was notified thereof on December 21, 1910, which notification was communicated to A. C. Heard by service had on the 30th day of December, 1910. (4) I further find that the reason for said rejection, as stated by the land office, was that the records of said department showed that the said Josiah Brewer did not perform the military services as alleged, and accordingly said assignment was not the proper basis for the right claimed, and that the rejection thereof on that ground was subject to the right of appeal. (5) I further find that thereafter appeal was perfected in due course as in such cases made and provided that on April 17, 1911, the said judgment rejecting said application for the reasons stated was affirmed by the Department of the Interior after due hearing. (6) I further find that said A. C. Heard prosecuted his motion for rehearing on the departmental decision of April 17, 1911, and that on October 23, 1911, the said rehearing was denied, and that the decision denying said rehearing was promulgated by the Department of the /Interior, General Land Office at Washington, on December 28, 1911, and the said Heard notified in due course. (7) I further find that the plaintiff herein filed his suit as appears from the file mark on his original petition on April 25, 1913. (8) I further find that the said A. C. Heard paid the said F. A. Bostick the sum of $500 for the said script on October 5, 1908, and that nothing of value passed from the defendant to plaintiff upon the transfer of said script." The conclusions of law which we do not adopt are as follows: "From the above and foregoing facts I find the following conclusions of law: (1) That the plaintiff's claim is not barred by the statute of limitations. (2) That the defendant is liable to the plaintiff upon his implied warranty that the script was valid. (3) That the plaintiff ought to recover from the defendant the sum of money paid to him for said script, together with interest thereon from October 5, 1908, at 6 per cent. per annum."

In the case of Anding v. Perkins, 29 Tex. 348, the court charged the jury in effect that, if they believed from the testimony that the defendant sold to the plaintiff a (soldier's) certificate which he knew to be fraudulent, he was liable to the plaintiff upon his warranty for the value of a genuine land certificate, and for vindictive damages for the fraud practiced upon him, that the plaintiff's cause of action accrued when the certificate was declared by the proper authority to be fraudulent, and that, if the action was commenced within four years from that time, it was not barred by limitation. Willie, Justice, said: "The charge of the court in reference to the time when the statute of limitation begins to run, in cases like the present, was correct has already been settled by this court. In Ripley v. Withee, 27 Tex. 14, it was held that fraud, coupled with concealment from the plaintiff by defendant of the cause of action, would suspend the running of the statute, or entitle the plaintiff to an action upon the discovery of the fraud, or at such time as he might have done so by the use of reasonable diligence; that this rule applied when the subject-matter was the warranty of a forged land certificate; that the ordinary diligence was when the proper land officer had decided the certificate to be a forgery; that, although the vendor may have been ignorant of the forgery, there is, in the nature of the case, a concealment, and therefore a legal fraud. The exception to this charge of the court is therefore not well taken."

In the case of Ripley v. Withee, cited in the quotation above, it is expressly held that the statute of limitation does not begin to run against the purchaser of a certificate for land purporting to be issued by the Republic of Texas to a soldier until by the use of ordinary and reasonable diligence he could have ascertained that there was such a breach; and it is further held that the action is one for a breach of warranty. It is further said in the opinion: "It may perhaps also be questioned, in view of the objects and purposes such certificates are issued to subserve, whether they do not partake sufficiently of the nature of realty for the covenant of warranty to run with them until they fail to serve the purpose of the genuine certificate, or the party can no longer acquire to hold title under them." The certificate in ques-

tion in the two cases from which we have quoted had been rejected by the commissioner of claims. That was a tribunal established for the purpose of passing upon the validity of claims to land, and the presiding officer of that court was empowered, and it was made his duty, to take such steps as might be necessary to detect and refuse all fraudulent claims. The act establishing the court is found in 4 Gammel's Laws of Texas, p. 432; section 6 of that act provides that, when a certificate has been rejected or refused by the commissioner, the holder thereof "shall have the right within twelve months from the time of such rejection, to bring suit in the district court of the county in which said certificate issued for the establishment of the same, which suit shall be brought and conducted in the manner prescribed for the establishment of certificates not recommended, by the act of Feb. 4, 1841, entitled 'An act supplementary to an act to detect fraudulent land certificates and to provide for the issuing of patents to legal claimants.' " This provision, whereby the holder of a rejected certificate might, through the district court, have the action of the commissioner of claims reversed by the district court proceeding, was continued in the act of January 15, 1858. 4 Gammel's Laws of Texas, pp. 914, 915, § 3. The act of February 4, 1841, referred to is found in 2 Gammel's Laws of Texas, p. 635, and prescribes the particular procedure which the holder of the rejected certificate must resort to, and limits the time within which his action must be begun for the establishment of his certificate.

[1, 2] Notwithstanding the fact that the holder of such a claim had in effect the right of appeal from the decision of the commissioner, it appears that the Supreme Court has nevertheless held, in the two cases cited, that limitation began to run from the date when the commissioner first rejected the claim, and in effect that an appeal from him did not suspend the running of the statute.

Since the decisions in the above-cited cases, the statute of limitation, as it existed at that time (2 Gammel's Laws of Texas, 627, and 3 Gammel's Laws of Texas, 1006), has been amended by the enactment, among other provisions, of subdivision 4, art. 5687, R. S. 1911. This subdivision provides that limitation of two years shall bar "actions for debt, where the indebtedness is not evidenced by a contract in writing."

The Supreme Court, in the case of Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40, has held that this subdivision of article 5687 applies to actions for damages growing out of fraud and deceit. Howell v. Bank, 158 S. W. 574.

It follows from what has been said that the learned trial judge erred in rendering judgment against appellant. We think it is clear that appellee's cause of action accrued on December 30, 1910, when, according to the court's findings, appellee had notice of the fact that the certificate which he had purchased from appellant was void. The authorities first above cited hold that limitations commenced to run on that date, and were not suspended by the appeal. Plaintiff's cause of action, not having been filed until April 25, 1913, was barred by the two-year statute. The judgment of the lower court is therefore reversed and here rendered for the appellant.

Reversed and rendered.