## Walter A. Wood Mowing and Reaping Machine Company v. W. H. Hancock.

### No. 805.

1. **Damages—Costs of Suit.**—Where the purchaser of a machine executed his note therefor, he can not, in an action against the seller to rescind the sale because of failure of the machine to work, and for damages, recover the costs and attorney fees paid by him in a suit against him on the note by an endorsee to whom it was transferred before maturity.

2. **Limitation of Two Years—Claim of Damages.**—A claim of damages for the loss of a crop of oats caused by the failure of a harvesting machine to do work as the seller represented, is a debt such as will be barred by limitation if suit be not commenced within two years after the cause of action accrues.

3. **Practice—Amendment—Error not Reversible.**—An amended petition should state the date of filing the original petition, but it is not reversible error to overrule an exception taken for such failure, where defendant's answer itself alleges the date of filing such original petition.

4. **Verdict not Responsive to Issues.**—Where the purchaser of a machine sues the seller to recover the purchase money, alleging that he relinquishes all claim to, and tenders back the machine; a verdict in favor of plaintiff for a part of the purchase money only. and that he retain the machine, is not responsive to the issues made by the pleading.

Appeal from the County Court of Wilbarger.  Tried below before Hon. J. W. Blankinship.

This suit was brought by appellee against appellant, the plaintiff alleging the sale to him of a harvesting machine by the defendant company, and that the agent of defendant misrepresented the machine; that it did inferior and defective work; that the defendant's agent agreed that if it did not do good work plaintiff would not have to pay for it; that he paid $25 cash on the purchase, and gave two notes for $58.75 each; that defendant transferred the notes to a bank, which brought suit at Dallas, Texas, on the one first maturing; that he unsuccessfully contested the suit on the ground of failure of consideration, and paid the judgment in that case, amounting to $95.90. including the attorney fee stipulated for in the note, and $10.45 cost, and also paid $5 to his attorney for defending that suit; that he paid the other note at maturity, the amount of principal and interest thereof being $72; and that on account of defective working of the machine, his oats were wasted in the harvest of 1888 to the value of $250. He tendered back the machine, relinquishing any ownership or claim thereto, and asked judgment for the amount paid thereon, and the costs, expenses, and damages above mentioned.

The pleas and exceptions of the defendant are indicated in the opinion. The verdict of the jury was in plaintiff's favor for $140, and that he retain possession of the machine.

*Stephens & Huff*, for appellant.— 1. The appellee's cause of action accrued upon the sale of the machine to him by appellant, or at least as soon as he learned of the defects, and he must have brought his suit within two years from that date or it would be barred. Rev. Stats., art. 3203; Smith v. Fly, 24 Texas, 252; Leavitt v. Gooch, 12 Texas, 95; Water Works v. Kennedy, 70 Texas, 233; Wood on Lim., sec. 155.

2. The statute begins to run from the date of the first injury or wrong, or upon the discovery of the same, or when it could have been discovered by the use of diligence, and will bar an action for any damages resulting from the act, although these may not have been fully developed within a period less than necessary to complete the bar. Water Works v. Kennedy, 70 Texas, 233; Wood on Lim., secs. 155, 177, 178.

3. The evidence of costs and expenses incurred by the appellee in defending against the note in suit at Dallas would not be recoverable in a suit for breach of warranty or in rescission of contract; the measure of damages in one case being the difference in value of the machine sold and that represented, and in rescission he could recover only the money paid in the purchase, with legal interest. 1 W. & W. C. C., secs. 130, 189.

4. In order for a verdict to sustain and support a judgment, it must be responsive to issues formed by the pleadings. 1 W. & W. C. C., secs. 1173. 1284; Moore v. Moore, 67 Texas, 293; Gammage v. Alexander, 14 Texas, 414; 9 Texas, 426; Neal v. Birdseye, 30 Texas, 605; Thomp. on Trials, secs. 2639, 2640.

*McGhee & Easton*, for appellee.—1. The first assignment of error is not well taken, in this: Two years had not elapsed from the date of the payments before suit was brought, and four years, and not two years, controls in the matter of the loss of the oat crop of 1888. Rev. Stats., art. 3209; Hamilton v. Railway, 2 Willson's C. C., sec. 171.

2. When a party promises another that in case the article sold is not satisfactory, the thing sold shall cost the buyer nothing, and then puts the notes given for such article into circulation, so that it is not known whether or not the buyer can successfully defend against it, in order not to constitute a voluntary payment, the buyer should make all legal defenses, and is entitled to make such costs out of the party who by his fraudulent act brings on such costs and expenses. 1 W. & W. C. C., sec. 948; Landa v. Obert, 45 Texas, 539; Findley v. Mitchell, 50 Texas, 143.

3. On the whole case substantial justice has been reached, and we ask that the case be affirmed. Hamilton v. Rice, 15 Texas, 382; Wells v. Barnett, 7 Texas, 584.

STEPHENS, ASSOCIATE JUSTICE.—The judgment in this case must be reversed and the cause remanded for a new trial on the following grounds: The exceptions of appellant to that part of appellee's petition which alleged as items of damage the costs of the Dallas suit, including the attorney fee, should have been sustained, and these items should not have been submitted to the jury as part of the damage.

There was error also in sustaining the exceptions of appellee to appellant's plea of limitation against the claim of $250 for loss of the oat crop of 1888. When this suit was brought, July 26, 1890, more than two years had elapsed since this loss was sustained. If this damage was recoverable, it was for a breach of verbal contract, and hence a debt within the meaning of article 3203, Revised Statutes, section 4. Robinson v. Varnell, 16 Texas, 382; Stiff v. Fisher, 2 Texas Civ. App., 346. Likewise, if construed to be an action of damages for deceit, two years, it seems, would be the limit. Bass v. James, 83 Texas, 110.

The exception to the amended petition, on the ground that it did not show the date of the original, should have been sustained; but this error would not require a reversal of the judgment, in view of the allegation of appellant in its answer of the date of the filing of said original petition.

The verdict of the jury was not responsive to the issues made by the pleadings and submitted by the charge, and hence a new trial should have been granted.

Under the issues developed, the court should have submitted the fifth charge requested by appellant, but should not have given some others that were requested and given, and especially in so far as they contained a repetition of the same proposition.

The charge given at request of appellee was also in some respects erroneous, as will be seen from the conclusions announced above.

The issue which should have been submitted to the jury in behalf of appellee, under the proof offered by him, was, whether in buying and retaining the machine he relied upon the promise of appellant's agent, if such a promise was made, that the machine should cost him nothing, but be returned, if it failed to do good work, in which event he had the right, within a reasonable time and after a fair test, upon its proving to be a failure, to relinquish the machine and recover the money paid for it, with interest. This alleged promise, however, is not satisfactorily alleged in the petition. In the absence of such a promise on the part of appellant's agent, if the machine was not what it was represented and warranted to be, the damage recoverable, if not barred by limitation, would be for breach of warranty, which would ordinarily be the difference in value between the machine in question and the kind it was represented to be.

We find no such evidence of fraud in the record of this case as to warrant the submission of that issue to the jury.

The judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 4, 1893.