### GEORGE O. EVANS v. THOMAS GOGGAN & BRO.
### No. 378.

**1. Waiver of Fraud—Charge.**—Suit to rescind a sale of a piano, brought by vendee on ground of fraud. Facts tending to show acquiescence by vendee. It was error to charge the jury that facts enumerated in the charge constituted a waiver of any right to rescind. The question of waiver was for the jury upon the entire facts. See example.

**2. Limitation of Four Years applies to Rescission of Contract.** An action for rescission of a contract and to recover money paid thereon is barred by the statute of limitations of four years from the accrual of the cause of action. Rev. Stats., art. 3207.

APPEAL from Travis. Tried below before Hon. JAMES H. ROBERTSON.

*John Dowell,* for appellant.—1. The court erred in giving the following instruction to the jury (the jury having come into court and asked additional instruction), viz.: "If the jury finds from the evidence, that the defendants did perpetrate a fraud upon the plaintiff in the sale of said piano, and if they further find that after plaintiff knew, or by using ordinary diligence might have known, of the false statement made by defendants to induce plaintiff to enter into said contract, the plaintiff continued to use said piano as he would use his own property, then such conduct on the part of the plaintiff would, in law, amount to a waiver of his rights to have said contract rescinded, as such acts on the part of plaintiff would amount to a ratification of the said contract, and would render him liable upon the same." Mitchell v. Zimmerman, 4 Texas, 75; Walling v. Kennard, 10 Texas, 508; Hubby v. Stokes, 22 Texas, 217; Wright v. Davenport, 44 Texas, 164; Brantly v. Thomas, 22 Texas, 270; Tied. on Sales, sec. 163.

2. The court erred in ruling that the statute of limitations of two years applied to the right to recover money paid in an action to rescind the contract on which it was paid, on ground of fraud. Rev. Stats., art. 3207; Cooper v. Lee, 75 Texas, 114.

*Z. T. Fulmore,* for appellees.—The appellant having purchased this piano under the agreement simply that it was worth $750, on the 10th of

April, 1888, and having signed a contract in which the style and number of piano was specified, and having received the same in May following (1888), and keeping it exclusively in possession and using it for more than two years before attempting to cancel the contract, and making constant payments on the same up to March 3, 1890, after having discovered that he was deceived as to the value of the same, is not entitled to the relief he sought. Suit was filed August 5, 1890. Connelly v. Hammond, 51 Texas, 635; Bremond v. McLean, 45 Texas, 18; Smith v. Talbot, 18 Texas, 782; Anding v. Perkins, 29 Texas, 349; Kuhlman v. Baker, 50 Texas, 630; Alston v. Richardson, 51 Texas, 6.

COLLARD, Associate Justice.—This suit was brought August 5, 1890, in the District Court of Travis County, by appellant, George O. Evans, against appellees, Thomas Goggan & Bro., to cancel a written contract of date the 10th day of April, 1888, for the purchase of a piano by appellant from appellees, upon the ground of fraud, that the piano furnished was not of the quality and value it was represented to be by the vendors when bought; prayer for cancellation, and for judgment for amount paid on the piano, and for exemplary damages for the alleged fraud.

Defendant denied the allegations of fraud, and prayed for judgment for balance unpaid upon the contract.

Verdict and judgment were rendered for defendants for the balance due upon the contract, $134.70, from which plaintiff has appealed.

The court charged the jury, substantially, that to entitle plaintiff to recover, he must show that the alleged fraudulent representations were made to induce him to make the purchase; that he relied upon them, himself using ordinary care; that the piano was materially different, as alleged, in character and value from the representations; that he repudiated the contract within a reasonable time after he discovered the fraud, or ought to have discovered it by the exercise of ordinary care; that he had not affirmed or waived the fraud by use of the piano or payment on the same as stipulated, after the discovery of the fraud or after he ought to have discovered it; and that all these facts must concur to warrant a cancellation of the contract.

After the jury had retired to consider of their verdict, the came into court and asked additional instruction upon the question of waiver by plaintiff of the alleged fraud (by use of the piano) after its discovery; when the court gave additional instruction as follows:

"If the jury find from the evidence, that the defendants did perpetrate a fraud upon the plaintiff in the sale of said piano, and if they further find that after plaintiff knew, or by using ordinary diligence might have known, of the false statement made by defendants to induce plaintiff to enter into said contract, the plaintiff continued to use said piano as he would use his own property, then such conduct on the part of the plaintiff

would, in law, amount to a waiver of his rights to have said contract rescinded, as such acts on the part of plaintiff would amount to a ratification of the said contract, and would render him liable upon the same."

This charge is assigned as error, and we think the assignment is well taken.

A fraud may be ratified and remedies against it may be lost or waived by a material act deliberately done by the defrauded party, with full knowledge of the facts of fraud, and with the intention to ratify. Or it may be done by acquiescence, that is, as is said by Pomeroy, by " some act not deliberately intended to ratify, * * * but recognizing the transaction as existing, and intended, in some extent at least, to carry it into effect and to obtain or claim the benefits from it." 2 Pome. Eq., secs. 964, 965.

This acquiescence, or tacit adoption of the contract after notice of the fraud, is a question for the jury, to be determined by them from all the facts and circumstances of the case. It was not proper for the court to instruct the jury that a given fact, the one stated in the charge, would constitute ratification. The jury had the right to look at all the facts showing the true effect of the use of the piano. It may be that the fact stated would be deemed by the jury as sufficient, or that it, considered with other facts, was not sufficient. We are constrained to say that the charge was not the law of the case.

Appellant complains of a charge of the court which applied the two years statute of limitation to plaintiff's prayer for recovery of the amounts paid on the contract, upon its cancellation.

The charge in this respect was erroneous. The suit was for rescission of the contract, and upon judgment of that character the consequences of rescission would follow. The question was, when would the right to a rescission be barred? The statute does not specifically provide for it, but provides that every other personal action, " for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued, and not afterward." Rev. Stats., art. 3207. It has been decided that the statute of four years applies to an action for rescission of a contract consummated in fraud. Cooper v. Lee, 75 Texas, 114.

If, then, the plaintiff is entitled to a rescission, and is not barred by limitation in that action, he would be entitled to complete restoration of his rights upon rescission. The amount paid on the contract should be restored to him, and its recovery would not be governed by a different period of limitation from that which would govern the action itself. The two years statute, as for debt or open account or money had and received, would not apply.

Other questions need not be decided on this appeal.

The judgment of the court below should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered November 8, 1893.