## CLARK v. TEXAS CO-OP. INV. CO.
### (No. 221–3353.)

(Commission of Appeals of Texas, Section A. June 1, 1921.)

1. Sales ⚖➡390—Defrauded buyer may stand by contract and recover damages, or he may rescind.

One who has been induced by fraud to enter into a contract has his choice of remedies, either to stand by the bargain and recover damages for fraud, or he may rescind and return the thing bought and receive back what he paid.

2. Limitation of actions ⚖➡28(1)—Action for fraudulently inducing plaintiff to subscribe for stock construed as one for rescission not governed by the two-year statute.

Where plaintiff alleged he was fraudulently induced to subscribe for stock, and his allegations further showed a purpose to recover what he paid, that the certificates had not been issued, and that he had received nothing and consequently could make no offer of restoration, and that the notes he executed were worthless, in that they had been canceled by defendant, he appeared to have repudiated the contract and to seek restoration of the status quo, so that his action was, in effect, for rescission, and the two-year statute was not applicable.

3. Appeal and error ⚖➡1114—Where Court of Civil Appeals had not passed on questions over which the Supreme Court has no jurisdiction, the case must be remanded.

Where the Court of Civil Appeals considered but one assignment, and certain others are necessarily determined by its conclusion thereon, but several assignments present questions of adjective law, over which the Supreme Court has no jurisdiction, these and other assignments should be passed upon by the Court of Civil Appeals, to which the cause should be remanded.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by James Clark and others against the Texas Co-operative Investment Company. Judgment for plaintiffs, and the defendant appealed to the Court of Civil Appeals, which reversed and rendered judgment for defendant (212 S. W. 245), and plaintiff named brings error. Judgment of Court of Civil Appeals reversed, and cause remanded to that court for consideration of assignments not disposed of and for the further orders.

See, also, 216 S. W. 220.

Padelford, Turner & Doyle, of Cleburne, and D. W. Odell, of Fort Worth, for plaintiff in error.

Capps, Cantey, Hanger & Short, of Fort Worth, and Ramsey & Odell, of Cleburne, for defendant in error.

TAYLOR, P. J. James Clark, plaintiff in error, sued the Texas Co-operative Invest-

ment Company, defendant in error, and the Texas Organization Company, to recover $1,500 and interest thereon. The court gave a peremptory instruction in favor of the organization company, and submitted the cause to the jury as between the remaining parties. Judgment on the cause submitted was for plaintiff in error. The Court of Civil Appeals, by action of the majority, reversed the judgment of the trial court and rendered judgment in favor of defendant in error. 212 S. W. 246.

The original petition alleges that the organization company, in June, 1911, was engaged in selling capital stock of defendant in error preparatory to securing its charter; that defendant in error contracted with plaintiff in error to sell him shares of its stock to the amount of $4,000, he paying to defendant in error at that time $1,000 in cash, at the same time executing and giving his notes for the aggregate sum of $3,000 for the remainder of the purchase price; that as a part of the contract defendant in error agreed that shares of stock of the face value of $5,000 in the Commonwealth Bonding & Casualty Insurance Company, then owned and held by plaintiff in error, would be accepted as collateral security for plaintiff in error's note, and that the stock would be immediately issued and delivered to him; that in May, 1912, he tendered to defendant in error his certificates of shares in the bonding and casualty company and demanded that the $3,000 in shares of stock in defendant in error be delivered to him; that the demand was refused; that he thereupon demanded the return of the $1,000 in cash theretofore paid by him; that both demands were refused by defendant in error.

It is further alleged that on July 10, 1911, plaintiff in error contracted to purchase additional shares in the amount of $2,000, in consideration whereof he paid defendant in error the further sum of $500, and gave additional notes in the sum of $1,500; that the same agreement was made as before with reference to the acceptance of the bonding and casualty company stock as collateral; that thereafter on May 27, 1912, the contract was rescinded and the note canceled, but no part of the $500 so paid was returned to plaintiff in error.

It was also alleged that no certificates of stock were issued or delivered to plaintiff in error; that defendant in error refused to carry out its agreement to accept the stock of the bonding and casualty company as collateral on the $3,000 note; that it repudiated the agreement and claimed to have canceled plaintiff in error's notes, but still retained the $1,500 paid it, and, though often requested to repay the same, refused so to do.

The petition contains other allegations to the effect that defendant in error, by false and fraudulent representations, induced plaintiff in error to enter into the contract to purchase the stock. The prayer was for $1,500 with interest thereon from the date of payment, for costs of suit, and general relief.

The allegations of the original petition are greatly amplified in the sixth amended original petition, upon which trial was had. It is alleged therein also that plaintiff in error offered to transfer the $5,000 of capital stock in the bonding and casualty company to the investment company in accordance with the terms of the agreement, but that defendant in error refused to receive it, and thereafter canceled the $6,000 of stock in the investment company for which plaintiff in error had subscribed, and refused to issue and deliver to him any part thereof; that defendant in error claimed to have canceled defendant in error's notes, and refused to carry out the contract and agreement, or any part thereof, and kept and refused to pay to plaintiff in error the sum of $1,500 in cash, which he had theretofore paid; that defendant in error, though often requested so to do, refused to repay to the plaintiff in error the said sums of $1,000 and $500 in cash, which it obtained from him in the manner stated.

The allegations of fraud set out in the original petition were amplified in the amendment in proportion to the amplification of the other allegations. The prayer was again for $1,500, interest, costs of suit, and general relief. Legal and equitable relief was also prayed for.

It was the conclusion of the majority of the Court of Civil Appeals that the trial court should have instructed a verdict in favor of defendant in error, on the ground that the cause of action was barred by the two-year statute of limitation. The correctness of the conclusion is to be determined by whether the suit is one for damages growing immediately out of the alleged fraud, or for rescission based on fraud. Cooper v. Lee, 75 Tex. 114, 12 S. W. 483; Gordon et al. v. Rhodes & Daniel, 102 Tex. 300, 116 S. W. 40; opinion of Court of Civil Appeals herein, 212 S. W. 245.

[1] It is well settled that one who has been induced by fraud to enter into a contract may rescind it, unless, of course, his right to rescission has been lost. Blythe v. Speake, 23 Tex. 429; 13 Corpus Juris, § 652. The rule governing rescission in such cases is quoted by Judge Roberts in the last paragraph of the case cited, in the following language:

"A party defrauded in a contract has his choice of remedies. He may stand to the bargain and recover damages for fraud, or he may rescind the contract, and return the thing bought, and receive back what he paid."

[2] Plaintiff in error alleged that he was fraudulently induced to enter into the subscription contract. The purpose of this suit,

as appears from the allegations, is to recover what he had paid under its terms. The certificates of stock which he contracted to purchase were not issued. He had received nothing from defendant in error, and consequently could make no offer of restoration. The notes he had executed were worthless, in that they had been canceled by defendant in error. The allegations disclose that it was the purpose of plaintiff in error, after making the discovery that he had been deceived in the manner stated, to restore the status quo. He repudiates on the ground of fraud any obligation under the agreement, and prays for recovery of what he was induced to part with through the misrepresentations alleged. In other words, his action as pleaded is, in effect, one for rescission.

It was the view of Judge Buck, who wrote the opinion of the Court of Civil Appeals, stating his own and the majority views, that the suit is one for rescission, and that the two-year statute of limitation is not applicable. His reasons, as well as the authority cited in the opinion, support his conclusion (1 Black on Rescission, p. 3), and we concur therein.

[3] Only one of numerous assignments of error was considered by the Court of Civil Appeals. If the conclusion concurred in is correct, the questions presented by some of the other assignments are necessarily determined thereby. Several of the assignments remaining present questions of adjective law, over which the Supreme Court has no jurisdiction. Decker v. Kirlicks, 110 Tex. 90, 216 S. W. 385; Hartt v. Yturia Cattle Co. et al., 228 S. W. 551, not yet [officially] reported. These and other assignments should be passed upon by the Court of Civil Appeals. Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139.

We accordingly recommend that the judgment of the Court of Civil Appeals be reversed, and that the cause be remanded to that court for consideration of the assignments not disposed of and for the further orders.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals.