## ILSENG PRODUCTION CO. v. SHACKELFORD.

### No. 12286.

Court of Civil Appeals of Texas. Fort Worth. Oct. 11, 1930.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Samuels, Foster, Brown & McGee, of Fort Worth, for appellee.

DUNKLIN, J.

This record shows that on or about the 9th day of May, 1925, C. W. Trammell and Dave Duncan contracted and agreed with W. H. Gray to drill oil wells on a certain lease owned by Gray, and in order to do so Trammell and Duncan needed a drilling rig to do the required drilling. They then entered into a contract with plaintiff, by the terms of which plaintiff agreed to construct and furnish to them such a rig for the agreed price of $1,700; and plaintiff did construct and deliver to them the rig in accordance with his contract. Trammell and Duncan assigned to defendant Ilseng Production Company their drilling contract with Gray, and the Ilseng Production Company then finished the drilling. At the time of that assignment and as a part of the consideration therefor, the Ilseng Production Company agreed with Trammell and Duncan to pay to plaintiff the price of the drilling rig as fixed by his contract with Trammell and Duncan, and immediately thereafter defendant notified plaintiff of that transaction and then made an express oral agreement with plaintiff to pay him for the rig in accordance with the terms of his original contract to furnish and erect it. That express agreement on the part of defendant was pleaded in his second amended petition, on which he went to trial, and upon the trial of the case judgment was rendered in plaintiff's favor on a finding by the jury, in answer to a special issue, that defendant did assume to pay plaintiff the price of the rig which Trammell and Duncan had agreed to pay. From that judgment the defendant has appealed.

One of the defenses presented by the defendant was a plea of the statute of limitation of two years, which, in part, reads as follows:

"Art. 5526. There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

"4. Actions for debt where the indebtedness is not evidenced by a contract in writing.

"5. Actions upon stated or open accounts, other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents. In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specially contracted."

The suit was instituted on August 31, 1926, and in his original petition filed on that date, he sought to recover for goods, wares, and merchandise which he alleged he sold to the defendant and for which defendant agreed to pay the several sums charged therefor as specified in an account attached to the petition, showing a balance due thereon of $379.59, and for that balance he sought a recovery. But the account does not show that it was for goods, wares, and merchandise; on the contrary, it contains this item: "To balance due on contract price 1 standard rig on Gray ranch, Coleman County, built in May, 1925." And the only other items in the account are charges for interest on the unpaid balance of the contract price and credits for several payments made thereon at different times. Apparently the pleader intended the suit to be on open account and the account attached was duly verified as an open account. To say the least, that petition was insufficient to charge defendant with a contract of assumption to pay the agreed price which Trammell and Duncan had contracted to pay for the rig. At all events, the cause of action there presented was a different cause of action from that asserted in the second amended petition upon which judgment was rendered.

The same demand on open account was presented in plaintiff's first amended petition, which also included in other counts allegations to the effect that plaintiff built and furnished to Trammell and Duncan the rig in question, under an oral contract with them so to do, of date May 9, 1925, and according to which they agreed to pay him therefor $1,700; that during the month of September, 1925, defendant entered into a written contract with Trammell and Duncan to take over the drilling contract they had made with Gray "and thereby agreed, promised and obligated himself to pay for said rig"; that defendant then notified plaintiff of that agreement with Trammell and Duncan and agreed with plaintiff in writing to pay the balance due on the rig. The same allegations included in the last-mentioned counts in the first amended petition were also included in plaintiff's second amended petition, on which the trial was had, except that in the last petition March 6, 1925, was given as the date of the drilling contract between Trammell and Duncan on the one hand and W. H. Gray on the other, and that contract was in writing; and, further, the agreement on the part of defendant, made with plaintiff to pay for the drilling rig, was alleged to be in parol, as the proof showed was true. Nor was there any evidence to show that defendant agreed in writing with Trammell and Duncan to pay for the rig.

In the first amended petition, defendant's express agreement to pay plaintiff for the rig, and which according to his last pleading, was in parol, was alleged for the first

time, and the same was filed October 27, 1928, more than two years after that cause of action arose. In this connection it is to be noted that the due date of plaintiff's contract is not specifically alleged in the body of his pleadings, but the account attached to all of his petition shows a balance due on February 9, 1926, of $379.59; and that the rig was furnished in May, 1925; and in the absence of any showing to the contrary, it must be assumed that plaintiff's cause of action on defendant's express contract arose on or about May, 1925, or on February 9, 1926, at the farthest.

And testimony introduced on the trial of the case was insufficient to make out even a prima facie case on any of plaintiff's pleadings except on his allegation of defendant's express agreement with plaintiff to pay him for the rig, which was set up for the first time in his first amended petition filed on October 27, 1928, and which express agreement was in parol, according to specific allegations in his second petition, on which his recovery was awarded.

It has been held that subdivision 4 of article 5526, Rev. Civ. Statutes of 1925, reading, "actions for debt where the indebtedness is not evidenced by a contract in writing," applies to actions for breach of verbal contracts. Wood M. & R. Mach. Co. v. Hancock, 4 Tex. Civ. App. 302, 23 S. W. 384; Harrison v. City of Sulphur Springs (Tex. Civ. App.) 35 S. W. 744.

The suit on open account shown in the original petition did not stop the running of the statute of limitation of two years applicable to that on which recovery was had, and which was filed for the first time on October 27, 1928, as noted above, for two reasons: First, the evidence introduced was wholly insufficient to sustain it; and, second, the suit alleged for the first time in plaintiff's first amended petition was a new and separate suit, under the following decisions: Phoenix Lumber Co. v. Houston Water Co., 94 Tex. 456, 61 S. W. 707; Booth v. Houston Packing Co. (Tex. Civ. App.) 105 S. W. 46; Prichard v. Foster (Tex. Civ. App.) 170 S. W. 1077; Scott, Boone & Pope v. Willis (Tex. Civ. App.) 194 S. W. 220; Thames v. Clesi (Tex. Civ. App.) 208 S. W. 195; Nystel v. Gully (Tex. Civ. App.) 257 S. W. 286; Texas P. C. & O. Co. v. Stuard (Tex. Civ. App.) 7 S.W.(2d) 878; Denton v. Cole (Tex. Civ. App.) 20 S.W.(2d) 361.

It follows, therefore, that the court erred in failing to sustain defendant's plea of the statute of limitation of two years, and for that error the judgment of the trial court must be reversed, and judgment here rendered denying plaintiff any relief.