**EVANS v. SOUTHERN METHODIST UNIVERSITY.**

No. 1484.

Court of Civil Appeals of Texas. Eastland.
Sept. 20, 1935.

Rehearing Denied Nov. 22, 1935.

W. A. Johnson and I. J. Curtsinger, both of San Angelo, for appellant.

Aldredge, Shults & Madden, of Dallas, for appellee.

LESLIE, Chief Justice.

The appellant, Herman Evans, instituted this suit against the Southern Methodist University, appellee, to recover certain sums of money paid as tuition during some three or four years attendance as a student of that institution. The petition is long and sets forth somewhat in detail his reasons for matriculation in the institution, and his purposes and plans to take a degree, majoring in music, etc. For the purposes of this decision, it is unnecessary to state in detail the various allegations of his petition. Suffice it to say that when the cause came on for trial the court sustained a special exception to the plaintiff's petition. On his refusal to amend, the cause was dismissed and judgment was entered for the defendant. The plaintiff appeals, insisting the court committed fundamental error in said rulings.

The exception sustained was that the plaintiff's cause of action was not commenced and prosecuted within two years after the same accrued, and that the same was therefore barred.

In order to reach a correct conclusion on the point presented, it becomes necessary to determine whether the suit is one for damages to the plaintiff by reason of his having been induced by alleged fraudulent representations to enter into a contract resulting in damages to him, or whether the suit is one for rescission of a contract induced by the alleged fraud.

The law is well settled that one who is induced to make a contract by deceit and fraud has a choice of two remedies on the discovery of the fraud. He may af-

firm the contract and sue for his damages; or he may rescind it and sue for the property he has sold or parted with. The former remedy counts upon and affirms the validity of the transaction; the latter repudiates the transaction and counts upon its invalidity. As often held, the two remedies are utterly inconsistent and the choice of one rejects the other because an alleged contract cannot be valid and void at the same time.

 There would seem to be good authority for the proposition that merely a suit for damages based upon fraud and deceit conclusively estops the plaintiff from obtaining any relief on the ground of rescission. This perforce of the fact that the bringing of the suit to recover damages is of itself the ratification of the contract involved between the parties, thereby waiving a right to rescind. Rick v. Farrell (Tex. Civ.App.) 266 S.W. 522; Wachsmuth et al. v. Sims (Tex.Civ.App.) 32 S.W. 821; Stuart v. Hayden (C.C.A.) 72 F. 402; Wolff v. Cohen (Tex.Civ.App.) 281 S.W. 646; Black on Rescission, vol. 2, p. 1408, § 612. The fundamental difference in the nature of the two causes of action is well recognized, and the statute of limitation applicable as a bar to each is equally well established. If the suit is merely one for damages arising from a contract induced by fraud, the two-year statute of limitation applies. Gordon v. Rhodes & Daniel, 102 Tex. 300, 116 S.W. 40; Citizens' Nat. Bank v. Good Roads Gravel Co. (Tex.Civ.App.) 236 S.W. 153; article 5526, subd. 4, R.S. 1925; 28 Tex. Jur. p. 124, § 44 et seq., and authorities cited under the next proposition. If the suit be one for rescission of a contract induced by fraud, the four-year statute of limitation (R.S. 1925, art. 5529) applies as a bar. Texas Co-op. Inv. Co. v. Clark (Tex.Com.App.) 231 S.W. 381; Id. (Tex.Civ.App.) 212 S.W. 245; Evans v. Goggan, 5 Tex. Civ. App. 129, 23 S.W. 854; Conrads v. Kasch (Tex.Civ.App.) 26 S.W. (2d) 732; 37 C.J. 798, § 8, Texas cases.

 Hence, as stated, the controlling question is as to the nature of the plaintiff's cause of action as disclosed by his first amended petition. His original petition, brought up in the transcript, was filed November 22, 1933, and the amended petition, July 14, 1934. Without controversy, and according to the plaintiff's allegations, he discovered the fraud, if any, October 10, 1931. Evidently the trial court considered the action set forth by the amended petition to be one for the recovery of money or damages based upon an alleged fraud in procuring the plaintiff to pay tuition under the alleged circumstances. In the plaintiff's original petition he seeks to recover as damages all sums of money paid out, actual damages to him professionally in the sum of $10,000, and exemplary damages in the sum of $10,000, based upon the alleged charge that the institution failed to carry out with him the "continuing contract" which he made with them when he matriculated in the institution, and which he alleges it had no intention to carry out when made. An examination of the allegations contained in the plaintiff's original petition and in his first amended original petition discloses a marked and substantial difference in the causes of action presented by them, respectively. Although the plaintiff accomplished, while attending the University, 104-hour credits towards graduation on the basis of 127 or 129 hours, and although his grades there, admitted by him, were good in some subjects, and excellent in others, he alleges that what he received under the contract was worthless, and, in the alternative, he alleges a character of tender of benefits received, etc., or a willingness and desire to restore the status quo of the parties as a prerequisite to rescission. Also, in his amended petition he simply sues for the amount of tuition which he has paid, and does not seek the actual and exemplary damages clearly set forth and demanded as such in the original petition. No express statement or intimation is to be found in the original petition suggesting a suit for rescission. The purpose of "rescinding and annulling said contract" finds a place for the first time in the amended petition.

After a careful consideration of these elements of the amended petition, and others unnecessary to set forth, and without expressing any opinion as to the sufficiency of the amended petition to state properly a cause of action for rescission under the peculiar circumstances of this case, we have concluded that the amended petition evidences to such an extent the purposes of the pleader to present such a cause of action on the ground of the alleged fraud that we would not be warranted in holding that the said petition merely amounted to a suit for damages and therefore barred by the two-year statute of limitation. Hence, we are constrained to hold that the amended petition in effect presents a suit for rescission

to which the four-year statute of limitation alone is applicable and that the trial court erred in sustaining the exception applying the two-year statute of limitation.

For this error, the judgment of the trial court is reversed and the cause remanded. It is so ordered.

### On Rehearing.

In our original opinion we held plaintiff's suit was one for rescission of an oral contract.

In its motion for rehearing, appellee complains that this court in its opinion overlooked the fact that the suit of appellant was based upon an implied oral contract. It is stated in the motion that if this court should hold that the amended petition pleads a cause of action on the ground of fraud and asks for rescission, nevertheless the appellant would be asking for the rescission of an alleged "implied oral contract." In that connection it is stated in the motion: "It is immaterial whether the appellant asks for damages for breach of an implied oral contract or whether appellant asks for rescission of an implied oral contract. The fact remains that it is alleged by appellant to be an implied oral contract, 'where the indebtedness is not evidenced by a contract in writing.'"

As we understand it, the point here involved is not so much the nature of the contract as it is the plaintiff's right to rescind the same within four years, regardless of whether the contract was oral or in writing. If the appellant's suit is one for rescission of a contract, the decisions are uniform to the effect that the four-year statute of limitation, and not the two-year statute of limitation, applies, and that regardless of whether the contract was oral or in writing. Article 5529, R.S. 1925; Evans v. Goggan, 5 Tex. Civ. App. 129, 23 S.W. 854; Texas Co-op. Inv. Co. v. Clark (Tex.Civ.App.) 212 S.W. 245; Id. (Tex. Com.App.) 231 S.W. 381.

These authorities disclose that an action to rescind a contract comes under the provisions of the above statute. Interpreting the plaintiff's cause of action as one for rescission of a contract not in writing, we applied the limitation prescribed by the above statute. If our interpretation of the appellant's suit is correct, the above conclusion is sound.

There is therefore no conflict in this holding and that made in the following decisions, as asserted by the appellee: Davidson v. Commercial Nat. Bank of Brady (Tex.Civ.App.) 59 S.W.(2d) 949; Kuhn et al. v. Shaw (Tex.Civ.App.) 223 S.W. 343; Ferguson v. Washburn et al. (Tex.Civ. App.) 4 S.W.(2d) 574; Citizens' Nat. Bank of Cameron et al. v. Good Roads Gravel Co. (Tex.Civ.App.) 236 S.W. 153; Walter A. Wood Mowing Mach. Co. v. Hancock, 4 Tex. Civ. App. 302, 23 S.W. 384; Harrison v. City of Sulphur Springs (Tex.Civ. App.) 35 S.W. 744; City of Wink v. R. B. George Mach. Co. (Tex.Civ.App.) 73 S.W. (2d) 653. A casual reading of these cases will disclose that not one of them involved limitation as applied to the right of rescission of a contract in a suit brought for that purpose. This being a rescission case, they are not in point and we pretermit a discussion of these authorities with which we are alleged to be in conflict. Considering the nature of the cause involved in each of those suits, the proper period of limitation was correctly applied.

The manner in which this case comes before us, nothing is presented or considered except the fundamental error upon which our decision is based. The special exception was first presented for consideration, sustained, and the cause dismissed. Naturally, we have taken the allegations of the pleadings as true and we do not think that under the law we would be warranted in expressing an opinion upon other phases or merits, if any, of the lawsuit.

The motion for rehearing is overruled.