J. D. GORDON ET AL. V. RHODES & DANIEL.

No. 1908. Decided February 17, 1909.

**1.—Limitation—Action for Debt—Damages by Fraud.**

In section 4 of article 3354, Revised Statutes, fixing a period of limitation of two years for "all actions for debt where the indebtedness is not evidenced by contract in writing," the word "debt" is not limited to causes falling within the technical scope of the action in debt at common law. Actions for unliquidated damages are included, and it is not necessary that the suit be on a contract. An action for damages for fraud and deceit in the sale of land was within the section and was barred in two years. (Pp. 301–303.)

**2.—Same—Cases Distinguished.**

Robinson v. Varnell, 16 Texas, 382, followed. Blount v. Bleeker, 13 Texas Civ. App., 227; Cooper v. Lee, 75 Texas, 121; McCord v. Nabours, 100 Texas, 456, distinguished. (Pp. 302, 303.)

Question certified from the Court of Civil Appeals for the Sixth District, in an appeal from Red River County.

*Lennox & Lennox,* for appellants.

*McGrady & McMahon,* for appellees.—Cited: Bass v. James, 83 Texas, 110; Woods Machine Co. v. Hancock, 4 Texas Civ. App., 302; O'Connor v. Koch, 9 Texas Civ. App., 586; Stanford v. Finks, 45 Texas Civ. App., 30; Lewis v. Houston, 11 Texas, 642; Barber v. East Dallas, 83 Texas, 147; 13 Cyc., 598 et seq.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

Certified question from the Court of Civil Appeals of the Sixth District, as follows:

"In the above styled cause appellants, plaintiffs in the trial court, by their action commenced November 14, 1906, among other things sought to recover, as against appellees, damages for deceit alleged to have been practiced on them by appellees in the sale to them of 1,808 acres of land in Red River County. From the allegations in the plaintiffs' petition it appeared that in January, 1902, Hocker and Cheatham, owning the 1,808 acres, and being anxious to sell same for $10,000, arranged with appellees to represent them in effecting a sale of same, agreeing, if they effected a sale, that they might retain for their services in doing so any sum in excess of $10,000 realized therefrom; that this agreement between appellees and Hocker and Cheatham, and the fact that the latter were willing to sell the land for $10,000, it was understood between them, was to be kept secret from prospective buyers, for whom, either alone or jointly with themselves, it was understood between appellees and Hocker and Cheatham, the former should pretend to act in purchasing the land; that taking advantage of confidential relations, fully set out in the petition, existing between appellee Daniel, who carried on the negotiations, and appellants, appellees, concealing the fact that they represented Hocker and Cheatham in the sale of the 1,808 acres, by pretending to act with and for appellants in negotiating for a joint purchase of same on their own and appellants' account, and by falsely representing that the land was not subject to

overflow from Red River, except during extraordinary rises, when it was subject to overflow therefrom during ordinary rises, and by falsely representing that the land was worth $20,000, and was a bargain at $12,500, when it was worth only $7,000 induced appellants, jointly with themselves, to enter into a contract with Hocker and Cheatham to purchase the land at the price of $12,500; and by the same means, shortly thereafterwards, to wit, on January 21, 1902, induced appellants to assume appellees' part of said contract, and to become the sole purchasers of said 1,808 acres.

"The trial court held that the cause of action stated for the deceit was subject to the bar of the two years statute of limitations, and, sustaining appellees' exceptions on that ground, dismissed the suit. Following Blount v. Bleker, 13 Texas Civ. App., 227; Cooper v. Lee, 75 Texas, 121, and Vodrie v. Tynan, 57 S. W., 681, this court held, in conflict with the ruling in Bass v. James, 83 Texas, 110, and Woods Machine Co. v. Hancock, 4 Texas Civ. App., 302, that the four years statute, and not the two years statute, should be applied in such a case; and it appearing, from allegations in the petition, that plaintiffs were ignorant of the fact that the land was subject to overflow during ordinary rises of Red River, and did not discover it was so subject until the spring and summer of 1905; and it further appearing, from allegations in the petition, that they did not sooner discover that the land was so subject to overflow because there was nothing upon or about it to indicate it was so subject, and because weather conditions which would enable them to make such discovery did not exist until 1905, this court further held that the trial court erred in holding as matter of law that it appeared from the face of the plaintiffs' petition that their cause of action for the deceit alleged was barred.

"The cause being yet pending before it on a motion for a rehearing, in which the conflict between its holding and that of the Court of Civil Appeals in Machine Co. v. Hancock, *supra,* and, perhaps, Stanford v. Finks, 45 Texas Civ. App., 30, is urged, on the foregoing statement from the record, the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas certifies to the Supreme Court for its determination the following question: Was the two or the four years statute of limitations applicable to the cause of action stated by appellants?"

The four years statute referred to in the question is article 3358, which fixes that time as the limitation for every action other than for the recovery of real estate for which no limitation is otherwise prescribed. The question whether or not it applies to the case stated in the certificate is therefore to be solved by ascertaining whether or not a limitation is otherwise prescribed.

Another provision of the statute of limitation which, in view of former decisions, may, we think, be held to embrace this action, is subdivision four of article 3354, which fixes two years as the period applicable to "all actions for debt where the indebtedness is not evidenced by contract in writing." It will be noted that this is not restricted to cases in which the indebtedness is evidenced by contract *not* in writing, but that it includes all actions for debt except such as

are evidenced by or founded upon contracts in writing, and this exception is made because the first subdivision of article 3356 applies the four years period to "actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." It follows that if a cause of action be for a debt, in the sense of this statute, the debt need not be evidenced by or founded upon contract at all to come within the two years statute. O'Connor v. Koch, 9 Texas Civ. App., 586; Mellinger v. Houston, 68 Texas, 42. That the word debt is used in a sense sufficiently comprehensive to embrace such a cause of action as that here in question is deducible from the decision in the case of Robinson v. Varnell, 16 Texas, 382, in which the court construed the clause as it stood in the statute before the revision in this language: "All actions of debt grounded upon any contract in writing." That was an action for unliquidated damages founded upon a contract in writing, and the court had to determine two questions: (1) Whether or not the statute referred to the form of action technically known to the common law as the action of debt, and (2) whether or not the word "debt" included the demand there asserted for unliquidated damages. The first question was resolved in the negative and the second in the affirmative, the court holding that the statute meant "all suits brought to recover money for the breach of a contract in writing, without regard to the technical distinction between debt and damages." This decision establishes the proposition that an action for unliquidated damages is an action of debt, as meant by the original statute, and the Revised Statutes have answered the rest.

Where formerly there was only one provision for "actions of debt" applying alone to cases depending on written contracts, there now are two, one of which still controls that class of cases, while the other controls all other actions of debt. As this word is not used in its narrow technical sense, but embraces demands for unliquidated damages, the language of subdivision four, article 3354, compels the further conclusion that the cause of action for such damages need not rest in contract. Mellinger v. Houston, 68 Texas, 42; O'Connor v. Koch, 9 Texas Civ. App., 586.

Before the adoption of the Revised Statutes a limitation was prescribed for actions upon "open accounts," and in Lewis v. Houston, 11 Texas, 323, a liberal interpretation was given to those words, under which they might be held to embrace all actions upon unliquidated demands for money such as were not provided for by the four years statute applying to actions grounded on contracts in writing. That limitation was preserved in the revision of the statutes as subdivision five of article 3355, "stated accounts" being added. This association of "open" and "stated" accounts would seem to indicate a narrower use of the word account than that attributed to it in Lewis v. Houston, but the revisers added subdivision four, which, with the interpretation given to the word debt, in Robinson v. Varnell, would embrace, at least, all cases previously provided for. So that we conclude that the cause of action here asserted comes within the two years statute.

That there were actions for which no limitation was provided before the adoption of the Revised Statutes had always been recognized by this court, and that omission was supplied by article 3358. Before that

article was adopted the courts, proceeding upon analogies, applied periods of limitation to actions for which none were prescribed by statute, adopting the time fixed for actions bearing the closest analogy to that under review.    Tinnen v. Mebane, 10 Texas, 246; Leavitt v. Gooch, 12 Texas, 95; Gibson v. Fifer, 21 Texas, 264; Smith v. Fly, 24 Texas, 352; Glasscock v. Nelson, 26 Texas, 154.

In Smith v. Fly the cause of action was held to be an equitable one for the correction of a mistake in a conveyance of land whereby less was conveyed by the deed than had been paid for.    A large part of the opinion is devoted to the proposition that a direct action at law for the recovery of the money paid, as for money had and received, would not lie, because of the obstacle presented by the deed, and that the right of the plaintiff was to sue for the correction of the mistake, and, incidentally, for the recovery of the money; and it was this cause of action to correct the mistake to which the court intimated the two years statute did not in terms apply.    What is said in Blount v. Bleker, 13 Texas Civ. App., 227, refers to that kind of an action, and was based upon the intimation in Smith v. Fly, that such an action was not within the terms of the two years statute.    Whether or not the holding in Blount v. Bleker was correct we need not decide, for it is not there held that actions for damages for deceit, where no equitable relief would ever have been necessary, were not within the two years statute.

Other cases applying the four years statute, such as Cooper v. Lee, 75 Texas, 121, McCord v. Nabours, 109 S. W., 917, and like cases, are distinguished by the fact that they are not embraced by the language of any other statute than article 3358.    That can not be said of this case.    It is an action for money recoverable as damages for a fraud, such as would always have been maintainable at law without the necessity of applying to equity for relief.    It is an action for a "debt," as that word in the statutes of limitations has been interpreted, and hence it is governed by the two years statute.