## BAIN v. LOVEJOY. (No. 1015.)

(Court of Civil Appeals of Texas. El Paso. Oct. 30, 1919. Rehearing Denied Nov. 20, 1919.)

LIMITATION OF ACTIONS ⟨⟩100(6), 104(2) — MISREPRESENTATIONS INDUCING PURCHASE OF STOCK; "FRAUDULENT CONCEALMENT OF CAUSE OF ACTION."

A cause of action for fraudulent misrepresentations, inducing the purchase of oil stock in January and March, 1913, the buyer having discovered the fraud within a few months by working for the company, was barred, on December 20, 1915, by the two-year statute of limitations, which begins to run when the fraud is discovered, though the president of the company by words or acts induced the buyer to postpone bringing action, for such words and acts are not the same as a fraudulent concealment of the cause of action, which means that the defendant has by some fraud concealed from the plaintiff that he has a cause of action at all.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraudulent Concealment.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by W. P. Bain against John Lovejoy, wherein, after death of defendant, Presley K. Ewing, as his executor, was substituted. From a judgment for defendant, plaintiff appeals. Affirmed.

John T. Hill, of El Paso, for appellant.
Presley K. Ewing, of Houston, and Lea, McGrady, Thomason & Edwards, of El Paso, for appellee.

HARPER, C. J. W. P. Bain filed this suit to recover of John Lovejoy $5,000. Lovejoy having died prior to the trial thereof, Presley

K. Ewing, executor of his estate, was made party.

The cause of action alleged is that Lovejoy, being the president and large stockholder in the Pecos Valley Oil & Gas Company, a corporation, made to plaintiff certain false and fraudulent misrepresentations concerning the financial condition of the company, and also as to the volume of its stock, etc., and as an additional inducement to plaintiff to purchase of its stock said Lovejoy promised to return the money which was invested in purchase of this stock, if plaintiff became dissatisfied. As a result thereof he was induced to purchase the personal stock of said Lovejoy, for which he paid $1,000, and of the company stock, for which he paid $4,000. Ewing, as representative of the estate, answered by general denial and plea of two-year statute of limitations.

At the close of the testimony the court directed a verdict for the defendant, and judgment was entered accordingly, from which this appeal, and the action of the court in peremptorily instructing a verdict is assigned as reversible error. The appellee suggests several reasons why the judgment should be sustained, and we have concluded that the two-year statute of limitations bars plaintiff's action.

The purchases of stock were made in January and March, 1913. This suit was filed December 20, 1915. In cases of fraud the statute of limitations begins to run when the fraud is discovered. The defendant admits that—

"he went to work for the oil company March 23, and worked to October 13, 1913; * * * that, after I was there a week or ten days I found out the financial condition of the company. Its stock had no value when I worked there. The company closed down the work and ceased operating shortly after I left there. They still owe me 13 days' salary at $100 per month."

See Baugh v. Houston et al., 193 S. W. 242; Gordon et al. v. Rhodes et al., 102 Tex. 300, 116 S. W. 40.

In answer to this contention of appellee the appellant says that Lovejoy executed two notes in February, 1913, and March, 1913, which are signed Pecos Valley Oil & Gas Company, by John Lovejoy, President, one for $1,000, and the other for $4,000, payable to plaintiff one year after date, which he led plaintiff to believe were his personal notes by the statement to him that he stood personally responsible for the notes, and therefore plaintiff would not lose anything; that by these things the beginning of the statute of limitations to run was suspended until he (plaintiff) discovered that these notes were not in fact Lovejoy's personal obligations.

We are of the opinion that these facts, if true, would not amount to a fraudulent concealment of this cause of action, for the cause alleged is that false representations were made concerning the value of the stock prior to the time plaintiff purchased it; therefore his cause of action existed at the time of the transfer of the money, and he admits that he, by working for the company a few months after the purchase, discovered that he had purchased worthless stock, and confronted Lovejoy with the fact, and Lovejoy verbally promised to see him whole. That Lovejoy by words or acts induced plaintiff to postpone bringing an action which he already knew of cannot be the same as a fraudulent concealment of the cause of action, for this means that the defendant has by some fraud concealed from the plaintiff that he had a cause of action at all.

Believing that there is no error in the record, the cause is affirmed.