### CAVITT v. AMSLER et al. (No. 6421.)

(Court of Civil Appeals of Texas. Austin.
April 19, 1922. Rehearing Denied
June 21, 1922.)

**1. Judgment ⬤═592—Each corporate stock dividend becomes a separate cause of action.**

Judgment for specific performance of a contract to sell stock and 'for one dividend sued for did not bar a subsequent action by the buyer, against the corporation and the seller, for recovery of other dividends paid by the corporation to the seller, as each dividend when declared became a separate cause of action.

**2. Judgment ⬤═588—Judgment of mandatory injunction to compel transfer of stock not bar to action for dividends.**

Where, in a suit for mandatory injunction to compel transfer of stock to plaintiff, pursuant to a decree for specific performance there was no prayer for the recovery of and no issue as to plaintiff's right to dividends from the stock, the judgment was not a bar to an action against the company and the seller for dividends paid the seller after sale to plaintiff.

**3. Limitation of actions ⬤═24(2)—Corporate minutes, showing to whom dividend declared, contract in writing, to which 4 years' limitation applies.**

Where the minutes of a corporation show in whose favor a dividend is declared, it becomes a contract in writing and the four-year statute applies.

**4. Limitation of actions ⬤═28(1)—Where dividend not declared in favor of party suing, debt not evidenced by writing.**

Where a corporation dividend is not declared in favor of the party suing therefor, the suit is for a debt not evidenced in writing and the two-year statute applies.

**5. Limitation of actions ⬤═66(2)—Statute not operative until stockholder makes demand for dividends.**

Corporation's dividends are payable upon demand, and until a stockholder makes a demand for the payment of his dividends, and the same is refused, the statute of limitation will not begin to run.

**6. Limitation of actions ⬤═66(2) — Corporation's act indicating it will not pay dividend to stockholder equivalent to a demand and refusal.**

If the acts or words or both, of a corporation, indicate to a stockholder that the corporation will not pay a dividend to him, this would be equivalent to a demand and refusal for the payment of such dividend, and it would not be necessary that a specific demand for dividends should be made to put the statute in motion.

#### On Motion for Rehearing.

**7. Limitation of actions ⬤═105(1)—Cause of action for dividends did not accrue until determination of stock ownership.**

Statutes of limitation did not start to run against a cause of action for the recovery of dividends paid by a corporation to the seller of stock to plaintiff until the final determination of an appeal taken from a former action to establish title to the shares.

**8. Limitation of actions ⬤═111 — Enjoining transfer of stock suspended statute in action for dividends.**

Where the limitation of a cause of action for dividends was not completed against plaintiff on a certain date, a decree in an action for specific performance of the contract of sale of the shares to plaintiff of that date, enjoining the corporation from paying dividends on the stock until final hearing, suspended the statute.

Appeal from District Court, McLennan County; Jas. P. Alexander, Judge.

Action by. S. A. Cavitt against S. Amsler and another. From judgment for defendants, plaintiff appeals. Reversed and remanded.

Weatherby & Rogers, of Waco, for appellant.

W. L. Eason, of Waco, and J. H. Hooker, of McGregor, for appellees.

#### Findings of Fact.

JENKINS, J. On June 16, 1915, appellant brought suit No. 22555 (district court number) against appellee Amsler, to recover the title and possession of 50 shares of stock in the McGregor Milling Company, and to recover $100 in dividends, alleged to have been paid to Amsler after the sale of said stock to Cavitt. On December 20, 1916, judgment was rendered in favor of appellant for a specific performance of the contract for the sale of such stock and for the recovery of the $100 dividend sued for. On July 6, 1917, appellant filed his petition for a mandatory injunction, in cause No. 23679 (district court number), against Amsler and against the milling company, one of the appellees herein, alleging that, notwithstanding he had recovered judgment for the 50 shares of milling stock, that Amsler had refused to transfer the same to him, and that the milling company had refused to cancel Amsler's stock and to issue stock to him in lieu thereof. Judgment was rendered in favor of appellant, in the injunction suit, March 12, 1921. Amsler sued out a writ of error, in cause No. 22555, and the judgment of the lower court was affirmed by this court (210 S. W. 766), and the mandate from this court was filed in the trial court January 20, 1920.

The present suit was filed for the recovery of dividends paid by the milling company to Amsler. In cause No. 22555, Amsler alone was party defendant. In cause No. 23679, both Amsler and the milling company were made defendants, and both are defendants in this cause. The dividends herein sought to be recovered were paid by the milling company to Amsler as follows: June 15, 1915, $250; December 30, 1915, $1,000; June 5, 1916, $500; and November 2, 1916, $2,000. The court peremptorily instructed a verdict

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for appellees, and judgment was rendered in accordance with such verdict.

## Opinion.

There are two issues presented on this appeal, either of which, if decided in favor of appellees, would require the judgment of the trial court to be affirmed. These issues are res adjudicata and limitation.

[1] As to res adjudicata, it is the contention of appellees that, inasmuch as all of the dividends herein sued for were paid before the trial of cause No. 22555, the judgment in that case is a bar to the recovery of such dividends in this case; and that, while it is true that such dividends were not sought to be recovered in that case, the appellant should have amended his petition and sought such recovery.

Appellant, if he had known that such dividends had been paid, could have amended his petition and recovered as to all such dividends, but it was not necessary that he should have done so. Each dividend when declared became the property of appellees, and the refusal to pay the same gave appellant a separate cause of action. Jones v. Gammel, 100 Tex. 331, 99 S. W. 701, 8 L. R. A. (N. S.) 1197.

[2] It is also the contention of appellees that, in cause No. 23679, the right of appellant to recover the dividends was in issue, and that the judgment in that cause is a bar to this action. No. 23679 was a suit for a mandatory injunction, wherein it was alleged that appellant had recovered, in cause No. 22555, judgment against Amsler for the title and possession of the mill stock, but that Amsler has refused to transfer his stock to appellant, and that the mill company had refused to issue new stock in lieu thereof to appellant, or to recognize appellant as the owner of such stock. A temporary injunction was issued in this cause, but, on account of No. 22555 being on appeal, the cause was not tried until February 23, 1920. It is evident, from an inspection of the petition, that the relief sought in that case was the mandatory injunction. It is true that it is alleged that the milling company was paying dividends to Amsler and was refusing to pay dividends to appellant, but this we take it was only as a matter of inducement to the issuance of the mandatory injunction, and no specific amount of dividend is mentioned in the petition; nor is it alleged when the same were paid. It is only as to matters put in issue by the pleadings that a judgment is res adjudicata, although other issues might properly have been pleaded. Moore v. Snowball, 98 Tex. 16, 81 S. W. 5, 66 L. R. A. 745, 107 Am. St. Rep. 596; Oldham v. McIver, 49 Tex. 556. Either Amsler or the milling company or both might have put in issue the right of appellant to recover dividends, but neither of them did so. Especially might the milling company have raised this issue, not only in No. 23679, but it might have done so by intervening as a stakeholder in No. 22555.

The petition in No. 23679 might have been sufficient for the recovery of dividends as against a general demurrer, and if the record showed that such issue was litigated, it would be a bar to appellant's cause of action herein. But, while the pleadings may be sufficient to have raised an issue, if the record affirmatively shows that such issue was not litigated, the judgment will not be a bar to action on such matter in another suit. James v. James, 81 Tex. 380, 16 S. W. 1087; Teal v. Terrell, 48 Tex. 508; Pishaway v. Runnels, 71 Tex. 352, 9 S. W. 260; Whitman v. Aldrich (Tex. Civ. App.) 157 S. W. 471; Philipowski v. Spencer, 63 Tex. 607.

We quote from the record in No. 23679, as follows:

"All matters of law as well as of fact were submitted to the court, and the court, after hearing the evidence and argument of counsel, is of the opinion and finds that plaintiff is entitled to the relief prayed for as follows: *That plaintiff is entitled to have the title and possession of 50 shares of the capital stock of the defendant corporation, McGregor Milling & Grain Company, quieted in plaintiff as against the defendant Amsler; and is entitled to have new certificates of stock issued in his own name by defendant McGregor Milling & Grain Company.*" (Italics ours.)

These findings of fact by the court would indicate that judgment would not be rendered for anything except for quieting the title of appellant to the mill stock, and his recovery of the possession of the same, and to require the milling company to issue him new certificates. The judgment, in fact, did not adjudicate any other matter. It is true, that there was a prayer for general relief, in the cause last above referred to, but this should be taken in connection with the specific ground of relief set out in the petition. Jordan v. Massey (Tex. Civ. App.) 134 S. W. 804. There being no prayer for the recovery of dividends, the findings of fact by the court, as set out in the judgment showing that such matter was not considered, and the judgment being specifically for the injunction and quieting of title as prayed for, we hold that such judgment was not a bar to appellant's recovery in this suit.

[3, 4] As to limitation, the issue is here presented as to whether the two or four year statute applies. We hold that the two-year statute is applicable to the facts in this case, for the reason that, when a dividend is declared, it becomes a debt owing by the corporation to the stockholders. Where the minutes of the corporation show in whose favor the dividend is declared, it becomes a contract in writing, and the four-year statute applies. 14 C. J. 827, 828. But where the dividend is not declared in favor of the party suing therefor, the suit is for a debt not evi-

denced in writing, and the two-year statute applies. In McCord v. Nabours, 101 Tex. 504, 109 S. W. 913, 111 S. W. 144, which was a suit, among other things, to recover dividends, it was held that the four-year statute applied. In that case suit was brought to cancel a transfer of stock to McCord, upon the ground that the same had been obtained by fraud, and also to recover the dividends which had been paid to McCord. That being a suit in equity, it was held that the four-year statute applied to the recovery of the dividends as an incident to the suit to set aside the transfer by fraud, and that, therefore, no other provision of the statute except the general provision with reference to four years, was applicable.

However the instant case is not a suit in equity. In No. 22555, appellant recovered a judgment for the title and possession of the milling stock. By virtue of such judgment he was entitled to the dividends as the same were declared; he having alleged and proven that the milling company had knowledge of his purchase of the stock from Amsler at the time of such purchase. The obligation of the milling company to pay appellant his pro rata of dividends was a debt, and this is a suit at law to recover such debt. Gordon v. Rhodes, 102 Tex. 300, 116 S. W. 40.

[5] The question still remains: Is appellant's cause of action barred by the two-year statute, notwithstanding the fact that the dividends were paid to Amsler more than two years before the institution of this suit? Dividends are payable upon demand, and until a stockholder makes a demand for the payment of his dividends and the same is refused, the statute of limitation will not begin to run. The corporation holds the dividends in trust for the benefit of the stockholders, and it is not to be presumed that the same will not be paid upon demand. This question is very fully and ably discussed in Yeaman v. Galveston Co., 106 Tex. 426, 427, 167 S. W. 710, Ann. Cas. 1917E, 191.

[6] We hold, however, that it is not necessary that a specific demand for dividends should be made, and the same should be refused, in order to put the statute of limitation in motion. If the acts or words or both, of the corporation, clearly and unequivocally indicate to a stockholder that the corporation will not pay a dividend to him, this would be equivalent to a demand and refusal for the payment of such dividend. In the instant case, appellant alleged and produced testimony tending to establish his allegation that the milling company and Amsler conspired to prevent his knowing that such dividends had been declared, or that they had been paid to Amsler. The manager of the milling company, on the trial of No. 23679, testified that dividends had not been paid to Amsler, and would not be. Appellant may have been lulled into security by reason of the conduct of the milling company and of Amsler, and, if

so, the statute of limitation would not begin to run until he had knowledge of the payment of the dividends herein sued for, which knowledge, it appears, was gained only a short time before the institution of this suit.

The testimony in this case is sufficient to raise an issue of fact for the jury as to whether appellant had sufficient knowledge of the repudiation of the debt due him as dividends more than two years before the institution of this suit, and the court erred in peremptorily instructing the jury to return a verdict for appellees.

For the reasons stated, the judgment herein is reversed and remanded.

Reversed and remanded.

### On Motion for Rehearing.

Appellees have filed an able brief and written argument in which they earnestly contend that we were in error in reversing and remanding this cause. Appellant has filed a reply brief and written argument thereto, showing marked ability and careful research on the part of his attorneys.

After a careful examination of the motion and the briefs referred to, we have concluded that we were correct in reversing and remanding this case for the reasons stated in our original opinion herein. We think there are other reasons not mentioned in the opinion referred to why this cause should be reversed and remanded on the issue of limitation.

As stated in our original opinion herein, appellant, in cause No. 22555, sought to have the title to the shares of mill stock in the name of Amsler canceled and reissued to him, alleging that he was the owner thereof. He recovered judgment in that cause establishing his ownership. Thereafter he filed a petition for a mandatory injunction to compel the milling company to recognize him as a stockholder by issuing the Amsler stock to him, alleging that, notwithstanding the judgment in his favor, the company had refused so to do; and, as incidental thereto, he alleged that they were paying dividends to Amsler.

At the time the petition for the injunction was filed, there had been no appeal from the judgment in cause No. 22555, but soon thereafter the defendant Amsler sued out a writ of error to this court, and gave a supersedeas bond. There was a motion to dissolve the temporary injunction, which was heard on July 14, 1917. Final action in that cause was postponed pending the appeal in No. 22555. By the judgment of this court, the judgment of the trial court, in favor of appellant, was affirmed in that cause. The mandate in that cause was not filed in the court below until January 19, 1920. This suit was filed February 24, 1920.

[7] We hold that the statute of limitation was suspended during the appeal referred to, for the reason that, if appellant knew that the milling company was paying divi-

dends to Amsler, and had filed suit against the company and against Amsler to recover the same, the company could and doubtless would have replied that the issue involved in such suit was the ownership of the stock claimed by both Amsler and Cavitt; that Cavitt could not recover dividends until he established his title to the stock; and that this was the issue pending in the case on appeal.

"Where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." 25 Cyc. 1278; Fields v. Austin (Tex. Civ. App.) 30 S. W. 386; Pease v. Southerlin (Tex. Civ. App.) 228 S. W. 269; Hutchinson v. Hutchinson, 92 Kan. 518, 141 Pac. 589, 52 L. R. A. (N. S.) 1165; 25 Cyc. 1173.

[8] There is also a still stronger reason why the statute of limitation did not run against appellant after July 14, 1917, at which time the limitation was not completed against him. On July 14, 1917, cause No. 23679 was heard on the motion to dissolve the temporary injunction, and the following decree was entered therein:

"All parties are enjoined from transferring, incumbering, or otherwise disposing of the stock of the McGregor Mill & Grain Company, and the McGregor Mill & Grain Company is enjoined from paying dividends on said stock until final hearing of the cause upon the merits."

A final hearing in said cause was had February 23, 1920. Such being the case, had appellant filed suit at an earlier date to recover the dividends paid to Amsler, the milling company could and doubtless would have replied that they were not permitted to pay such dividends until final adjudication in cause No. 23679. Williams v. Pouns, 48 Tex. 141.

For the reasons stated, the motion for rehearing herein is overruled.

Motion overruled.