**William J. WILLIAMS, Petitioner,**

v.

**George KHALAF, Respondent.**

No. C–8467.

Supreme Court of Texas.

Nov. 28, 1990.

Kevin Dubose, Houston, for petitioner.

Paul B. Rosen, Houston, for respondent.

## OPINION ON MOTION FOR REHEARING

RAY, Justice.

Our prior opinion is withdrawn and the following substituted. We overrule respondent's motion for rehearing.

This is a statute of limitations case in which a counterclaim for breach of contract was amended to include a claim for fraud involving the same underlying transaction or occurrence. The trial court rendered judgment for the counterclaimant on the jury verdict for fraud. The court of appeals reversed and rendered, holding that the statute extending the statute of limitations for the filing of amended pleadings involving the same transaction or occurrence did not apply because of a "relation back" theory. The court of appeals held the amended pleading merely "related back" to the original counterclaim date, at which time fraud causes of action were barred by the two-year statute of limitations. 763 S.W.2d 868 (1988). Because the court of appeals erred by overlooking 1979 amendments to the limitations statutes that make the limitation period for fraud four years, we reverse the judgment of the court of appeals and remand the cause to that court for determination of factual sufficiency points.

## Facts and Procedural History

In July 1980 George Khalaf and William J. Williams agreed orally to be in partnership to construct and operate a country and western club. The agreement was reduced to writing and signed by the parties on September 9, 1980. Williams was to build the club at cost, and Khalaf was to finance the construction. Both would share in the ownership of the business. Williams continued construction of the club until he discovered in the latter part of September that Khalaf had incorporated the business on September 17, 1980, and had excluded Williams from ownership. Williams left the job site saying he had been fired. Khalaf contended that Williams had wrongfully quit the construction project.

Khalaf filed suit against Williams in October 1980. Khalaf pleaded Williams' allegedly wrongful conduct in the transaction on the alternative legal theories of breach of contract, fraud, constructive fraud, conversion, and breach of fiduciary duty.

Williams initially filed only a general denial, but in October 1983 he filed a counterclaim asserting a cause of action for breach of contract. The amended pleading was filed well within the four-year statute of limitations [1] which applies to breach of contract actions. In September 1986 Williams filed an amended pleading asserting for the first time a cause of action for fraud arising out of the same transaction and based on the same facts. Khalaf responded to this amended pleading with an affirmative pleading alleging, in part, that the fraud cause of action was barred by limitations.

Trial was to a jury which generally answered the submitted issues favorably for Williams but unfavorably for Khalaf. The jury found Khalaf breached the contract and committed fraud. The jury found zero damages for breach of contract but over $180,000 damages for the fraud. No limitations issues were submitted to the jury.

The trial court rendered judgment for Williams on the jury verdict for $181,229.85, plus attorney's fees and costs. Khalaf appealed. The court of appeals reversed and rendered judgment that Williams take nothing, holding that his fraud counterclaim pleading was barred by an unspecified provision of the two-year statute of limitations. The court of appeals also held that a special amended-pleading saving statute did not save Williams' claim for fraud. The court of appeals applied a "relation back" rule to conclude that in the saving statute one tested whether the newly-pleaded cause of action would have been barred when the pleading for the first cause of action (breach of contract) was filed.

## Statute of Limitations for Fraud

The special amended-pleading saving statute is section 16.068 of the Civil Practice and Remedies Code, which was formerly codified as article 5539b of the Revised Civil Statutes. It provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

Tex.Civ.Prac. & Rem.Code Ann. § 16.068 (Vernon 1986).

The court of appeals apparently assumed that a fraud pleading would have been barred by some two-year statute of limitations if it had been filed in 1983 as the original counterclaim. The court of appeals reasoned that under a "relation back theory" the fraud cause of action arising from the same transaction was barred. Under section 16.068, the amended pleading for fraud is clearly not time-barred even under such a relation back theory if the limitations period for fraud is also four years. The court of appeals cited no provision of the limitations statute for its assumption that fraud is barred in two years. If the court of appeals was wrong on that assumption, then whether the "relation back theory" applies is immaterial. We express no opinion on the "relation back

---

1. Tex.Civ.Prac. & Rem.Code Ann. § 16.004(a) (Vernon 1986).

theory" adopted by the court of appeals because we hold the court's underlying assumption that fraud claims are barred in two years is erroneous.

There is no limitations statute expressly applying to "fraud," "deceit," "misrepresentation" or any similar term. This court in early decisions held that a suit for fraud is considered, for limitations purposes, an action on a debt. *Gordon v. Rhodes & Daniel*, 102 Tex. 300, 301–302, 116 S.W. 40, 41–42 (1909). This court wrote in unequivocal terms:

> It [the case] is an action for money recoverable as damages for a fraud, such as would always have been maintainable at law without the necessity of applying to equity for relief. It is an action for a "debt," as that word in the statutes of limitations has been interpreted, and hence it is governed by the two-years statute.

*Id.* at 302, 116 S.W. at 42.

This determination was consistent with this court's practice of selecting the common law term for a cause of action of those enumerated in the statutes of limitation that is most analogous to the modern counterpart. *Id.* at 301, 116 S.W. at 41.

On motion for rehearing, several *amici* have questioned the validity of *Gordon v. Rhodes & Daniel.* They argue, primarily based on this court's opinion in *First National Bank v. Levine*, 721 S.W.2d 287

(Tex.1986), that fraud is a "tort" and as such is a "trespass" for purposes of the statute of limitations.[2] They rely on our analysis of the development of the common law in *Levine*, because the law of torts developed from the "trespass" action of English common law. Respondent Khalaf argues that we should overrule *Gordon v. Rhodes & Daniel* and that any number of terms from the two-year statute, including "trespass" and "personal injury," could apply to fraud causes of action.

*Gordon v. Rhodes & Daniel* has neither been overruled nor questioned by any opinion of this court. It has been cited many times, always as authoritative. We most recently cited it in *Andes v. Cagle*, 468 S.W.2d 513, 516–17 (Tex.1971), for the proposition that "[i]t is well settled that this two-year statute of limitations [then article 5526] applies to misconduct of an agent, even though a written contract may have been involved." Properly analyzed, *Gordon v. Rhodes & Daniel* does not conflict with *Levine*.

We do not retreat from our analysis in *Levine*. In general, torts developed from the common law action for "trespass," and a tort not expressly covered by a limitation provision nor expressly held by this court to be governed by a different provision would presumptively be a "trespass" for limitations purposes.[3] The same common

---

**2.** Among the other cases brought to our attention as holding that a "tort" is governed by the two-year statute of limitations are *Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988) ("legal malpractice is in the nature of a tort and is thus governed by the two-year limitations statute"), and *Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W.2d 165, 168 (Tex.1987) (tort described as having two-year limitations and stating, "cause of action for breach of duty of good faith and fair dealing ... applicable two-year statute of limitations for personal injury").

**3.** The legislature has enacted a number of statutes providing express limitations periods for statutory causes of action. *See, e.g.* Tex.Agric. Code Ann § 251.004 (Vernon 1982) (one-year limitation period for certain nuisance actions against an agricultural operation); Tex.Bus. & Com.Code Ann. § 17.565 (Vernon Supp.1990) (two year limitations period from the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive

act or practice, with an extension period of 180 days if the defendant engaged in certain conduct to delay commencement of the action, for *some* statutory violations of Deceptive Trade Practices–Consumer Protection Act); Tex.Bus. & Com.Code Ann. § 24.010(a), (b) (Vernon Supp. 1990) (for statutory fraudulent transfer, limitation period of four years or if later, within one year after the transfer or obligation to defraud creditors was or could reasonably have been discovered); Tex.Bus. & Com.Code Ann. § 2.725 (Tex.UCC) (Vernon 1968) (four year limitations period for breach of any contract for sale [of goods], including breach of warranty); Tex.Civ. Prac. & Rem.Code Ann. § 103.007 (Vernon 1986) (for wrongful imprisonment by the government, two year limitations period after the person ceased serving the sentence of imprisonment, the person was released from custody, or the person discovered or should have discovered the evidence substantiating his innocence); Tex.Health & Safety Code Ann. § 361.197(a) (Vernon 1990) (one year limitations period after all remedial action has been completed for cost recovery action against persons failing to comply with hazardous waste

law development simply does not apply to fraud as to most other torts. In the Eng-

facilities regulations); Tex.Loc.Gov't Code Ann. § 232.008(g) (Vernon 1988) (one year limitations period after the date of entry of commissioner's court order, for statutory damages action for cancellation of subdivision in whole or in part); Tex.Prop Code Ann. § 22.021(c), (d) (Vernon 1984) (a type of two year limitations period for damages claim incident to trespass to try title action, with some limitations of defendant's right to counterclaim for valuable improvements made during good faith adverse possession of the property in controversy); Tex.Tax Code Ann. § 33.54 (Vernon 1984) (limitations period of three years after deed executed to purchaser at a tax sale for actions to contest title and other matters relating to property sold for taxes); Tex.Rev.Civ.Stat.Ann. art. 1f, § 5.01 (Vernon Supp.1990) (two year limitations period, with tolling for administrative proceeding, for violations of Texas Fair Housing Act); Tex. Rev.Civ.Stat.Ann. art. 581–33(H) (Vernon Supp. 1990) (multiple limitations provisions for various violations of Texas Securities Act, in broad descriptive terms providing for a three year limitations period for registration violations which may be altered to one year after rejection of a statutory rescission offer; a three year limitations provision after discovery of the untruth or omission, or after discovery should have been made by the exercise of reasonable diligence, for more general forms of securities fraud, but in no event more than five years after the sale, subject to change to one year after rejection of a statutory rescission offer); Tex. Rev.Civ.Stat.Ann. art. 911f, § 9 (Vernon Supp. 1990) (one year limitations period for suit on motor carrier's surety bond); Tex.Rev.Civ.Stat. Ann. art. 4590i, § 10.01 (Vernon Supp.1990, effective 1993) (basic two year limitations period for health care liability claims); Tex.Ins.Code Ann. art. 3.51–6 § 1(d)(2)(xiii) (Vernon Supp. 1990) (three year limitations period from expiration of time within which proof of loss is required by the policy for group and blanket accident and health insurance policy); Tex.Ins. Code Ann. art. 3.70–3(A)(11) (Vernon 1981) (three year limitations provision after the time written proof off loss is required to be furnished for accident and sickness insurance policies); Tex.Ins.Code Ann. art. 21.21, § 16(d) (Vernon Supp.1990) (limitations period of two years after the date on which the unfair method of competition or unfair or deceptive act or practice occurred or was discovered or in the exercise of reasonable diligence should have been discovered, with an extension period of 180 days if the defendant engaged in certain conduct to delay commencement of the action); Tex.Rev.Civ.Stat.Ann. art. 5069–8.04(a) (Vernon Supp.1990) (two year limitations period for violations of Consumer Credit Code); Tex.Rev.Civ. Stat.Ann. art. 5221k, § 7.01(a) (Vernon Supp. 1990) (outer limitations period of one year from date of filing of complaint with Commission, for certain claims for violation of the Commission on Human Rights Act, with other limitations provisions); Tex.Rev.Civ.Stat.Ann. art. 5221*l*, § 19(c) (Vernon 1987) (limitations period of greater of one year after date on which the district attorney, county attorney, or attorney general terminates an action brought under Section 18 of Health Spa Act, or two years after the violation is discovered, for violations of Health Spa Act, including fraud and deceit); Tex.Rev. Civ.Stat.Ann. art. 6573a, § 8(d) (Vernon Supp. 1990) (limitations period of two years for collection from real estate recovery fund); Tex.Code Crim.Proc.Ann. art. 18.21, § 12(c) (Vernon Supp.1990) (two year limitations period for civil action for damages from time claimant first discovered or had reasonable opportunity to discover the violation of statutes regulating use of pen registers and trap and trace devices; access to stored communications; and mobile tracking devices); Tex.Bus. & Com.Code Ann. § 15.25 (Vernon Supp.1990) (four year limitations period, subject to extension, for violation of Texas antitrust act).

Applying some of these special provisions may produce different limitations periods for causes of action which are very similar. For example, a misrepresentation enumerated under the Deceptive Trade Practices Consumer Protection Act as false, misleading or deceptive would apparently have a two-year limitations period under that statutory cause of action, Tex. Bus. & Com.Code Ann. § 17.565 (Vernon Supp. 1990), unless the misrepresentation were also a breach of warranty, express or implied. Tex. Bus. & Com.Code Ann. § 2.725 (Tex.UCC) (Vernon 1968). The same misrepresentation if actionable as a securities fraud cause of action could apparently have a three year limitations period. Tex.Rev.Civ.Stat.Ann. art. 581–33(H) (Vernon Supp.1990). But the limitations period for the misrepresentation, if presented as a statutory fraudulent transfer, would apparently be four years or more. Tex.Bus. & Com.Code Ann. § 24.010(a), (b) (Vernon Supp.1990).

Referring to the general limitations statutes, in their present common law language, would provide no more consistency than the numerous specific limitations provisions. The process of making analogies to common law forms of action to select a general limitation provision to apply is imperfect at best, and also has produced different limitation periods for very similar causes of action. *See, e.g., Arnold v. National County Mutual Fire Ins. Co.,* 725 S.W.2d 165, 168 (Tex.1987) (tort of breach of good faith and fair dealing has two year limitations); *First National Bank v. Levine,* 721 S.W.2d 287 (Tex.1986) (tortious interference with contract is a "trespass" with two year limitations); *Thomason v. McIntyre,* 113 Tex. 220, 254 S.W. 315 (1923) (fraud seeking rescission as remedy has four year limitations period). Legislative study and amendment to update and codify the limitation statutes could held eliminate some of these inequities.

lish common law, torts generally fell into "two classes, and only those which involve some violence—the violence may be exceedingly small—are known as trespasses." 2 F. Pollock & F. Maitland, *History of English Law* 510 (2d ed. 1898). As the law of trespass developed, there were "some notable defects in our nascent 'law of torts.'" *Id.* at 533. One of the notable defects was the lack of protection against fraud and deceit; the common law action for deceit was "no mere fraud, but a fraudulent perversion of the course of justice," and our modern fraud action did not directly develop from the trespass writ. *Id.* at 533–35. The modern fraud cause of action developed from an action on the case for deceit, and was related to debt as an evolution of the action of *assumpsit.* G. Keeton, *English Law* 124–25 (1974); 3 W. Holdsworth, *A History of English Law* 427 (5th ed. 1942). *Assumpsit* was a contractual or quasi-contractual action involving a promise and leading to a claim of *debt* (but not the pure common law action for a debt). 3 W. Blackstone, *Commentaries* *157, 161. Actually, the fraud and deceit cause of action developed through the action of Assumpsit as a hybrid of the original common law action for debt and action for Account. 3 W. Holdsworth, *A History of English Law* 427–28 (5th ed. 1942). The explanation of this development is instructive on the relationship of fraud to quasi-contractual "debt":

> But, as the [third-party] beneficiary had a right of action, his right to the money was just such a right as the later lawyers classed as quasi-contractual. But it is probable that the competence of Debt to enforce this and other analogous obligations owes something to the development of the action of account, through which obligations in the nature both of implied contracts and quasi-contracts were enforced.
>
>     *    *    *    *    *    *
>
> Hence it is not surprising to find that, from the fourteenth century onwards, the action of account could be brought by the third person on whose account the money had been received; and it is clear that this is a quasi-contractual duty of the same kind as that which was enforced by the action of debt. It was not a very long step to take to hold that if A, by reason of a mistake or in consequence of false or fraudulent representations made by B, had paid money to B, he could bring Account against B. This step was taken at the end of the sixteenth century; and the allowance of a right of action in cases of this type could clearly be regarded as an example of the application of "the equitable principle which lies at the foundation of the great bulk of quasi-contracts, namely, that one person shall not unjustly enrich himself at the expense of another."

*Id.* (footnotes omitted).

■ This court's holdings that an action for damages for fraud is a "debt" but not a debt as a strict common law action, are well founded. Furthermore, the classification of fraud as a debt "not evidenced by a writing" or otherwise growing out of a writing, even if a writing is involved, comports with the common law development of "fraud" as a cause of action. Fraud developed as a quasi-contractual cause of action through assumpsit as a hybrid of the original common law actions for debt and account. We adhere to our classification of fraud as a "debt" for limitations purposes.

Before 1979, there were two statutes of limitation that specifically applied to debts. The two-year statute, formerly article 5526 of the Revised Civil Statutes and now codified in its amended form as section 16.003 of the Civil Practice and Remedies Code, formerly listed and applied to "Actions for debt where the indebtedness is not evidenced by a contract in writing." Tex.Rev. Civ.Stat. art. 5526 (1925). The four-year statute, formerly article 5527 of the Revised Civil Statutes and now codified in its amended version as section 16.004 of the Civil Practice and Remedies Code, applied to "Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing." Tex.Rev.Civ.Stat. art. 5527 (1925); 1841 Tex.Gen.Laws 163, 2 H. Gammel, Laws of Texas 627.

Because fraud, for limitations purposes, is a debt not evidenced by a writing, this court has stated, "It is the settled law of this State that the two years' statute of limitation, namely, Article 5526, Revised Civil Statutes of 1925, is applicable to an action for damages based upon fraud and deceit." *Quinn v. Press,* 135 Tex. 60, 64, 140 S.W.2d 438, 440 (1940). But this conclusion has always been subject to statutory change. In 1979 the legislature amended the two statutes to eliminate the distinction between debts evidenced by a writing and other debts, and to list all actions for debt under the four-year statute. Act of June 13, 1979, 1979 Tex.Gen. Laws 1768; *see Mokwa v. City of Houston,* 741 S.W.2d 142, 149 (Tex.App.—Houston [1st Dist.] 1987, writ denied). The two-year statute now codified in section 16.003 of the Civil Practices and Remedies Code does not mention "debt" and thus no longer has the classification we have held to include fraud.[4] In amending the statute, the legislature is charged with an awareness of the prior holdings of this court on what were "debt" actions under the statute. *Kennedy v. Hyde,* 682 S.W.2d 525, 529 (Tex.1984). We have found nothing in the legislative history of the amending act to suggest the legislature meant for the limitations period for fraud to remain two years.

Amici argue our holding is inconsistent with our prior decisions because we have applied the two-year statute of limitation in fraud cases decided after the 1979 amendment. They point to *Hurlbut v. Gulf Atlantic Life Ins. Co.,* 749 S.W.2d 762 (Tex. 1987), and *Mooney v. Harlin,* 622 S.W.2d 83 (Tex.1981). In *Hurlbut,* we made no express mention of which limitation statute applied. *Hurlbut* involved the "discovery rule" since there was a claim of fraudulent concealment. The facts giving rise to the cause of action all occurred before 1975, and if plaintiffs should have known of the

fraud by January of 1975, the two-year statute (unamended version) would have applied. There is no inconsistency. Likewise, in *Mooney,* we held that as a matter of law discovery of the fraud should have been made in 1974. Therefore the unamended (two-year) statute of limitations applied.

Amici argue we are inconsistent because we expressly approved the Fifth Circuit case of *Coastal Distributing Co. v. NKG Spark Plug Co.,* 779 F.2d 1033 (5th Cir. 1986), in *Levine.* What we stated in *Levine,* in expressly disagreeing with another Fifth Circuit case, was that "[t]he Fifth Circuit case which correctly interprets Texas law is *Coastal Distributing Co., Inc. v. NGK Spark Plug Co., Ltd.,* 779 F.2d 1033 (5th Cir.1986), *which held that the two-year statute of limitation applied to a case alleging unfair competition.*" 721 S.W.2d at 289 (emphasis added). We then quoted the holding on unfair competition based on wrongful acquisition and use of trade secrets, with which we agreed. Outside the context of that case, we intended no approval of the discussion of whether the 1979 amendment affected the limitation period for fraud.

Amici further argue that the *Gordon v. Rhodes & Daniel* holding was that any "unliquidated damages" claim was a debt, and that our citation of the opinion will affect virtually every tort. We believe the language in *Gordon v. Rhodes & Daniel,* as well as our present writing here, make it clear that the "unliquidated damages" discussion applies to actions that grew out of *assumpsit* and thus are "debts" for limitations purposes. The discussion meant only that the classification of "debts" is not restricted to the original common law actions for debt.

There is one species of fraud that is not an action on a debt, and we have always

---

4. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986) provides:

**Two–Year Limitations Period**

(a) A person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and

forcible detainer not later than two years after the day the cause of action accrues.

(b) A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

held that the four-year "residual" statute applied to it. The general limitations provision of the Code provides that for all actions for which there is "no express limitations period," the statute of limitations is four years. Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986). We early held that the predecessor of this residual statute of limitations applied to equitable actions not otherwise expressly governed. When plaintiff sought rescission of a contract because of fraudulent inducement, and sought no damages and hence no "debt," we held that this residual four-year statute of limitations and not the two-year statute applied. *Thomason v. McIntyre*, 113 Tex. 220, 254 S.W. 315 (1923); *McCord v. Nabours*, 101 Tex. 494, 109 S.W. 913 (1908). The 1979 amendment now makes all fraud actions consistent, in that they have a four-year limitation period, regardless of the remedy sought. Although the fraud amended pleadings were filed almost six years after the transaction, section 16.068 saves the fraud cause of action from being barred by limitations because the earlier breach of contract pleading was timely and the new pleading related to the same transaction or occurrence. *See Leonard v. Texaco, Inc.*, 422 S.W.2d 160, 163 (Tex.1967).

### Waiver of Error

Khalaf argues that Williams waived the error of the court of appeals in assuming that the two-year statute applied. The sole point in Williams' application for writ of error, which was substantially the same in his motion for rehearing before the court of appeals, reads as follows:

> The Court of Appeals erred in holding that Williams' counterclaim was barred by the statute of limitations because it was not filed timely in accordance with section 16.068 of the Civil Practice and Remedies Code.

The point is sufficiently broad to include the error of applying the wrong limitations period for fraud to section 16.068. It is our practice to construe points of error liberally in order to adjudicate justly, fairly and equitably the rights of the litigants. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686,

690 (Tex.1989); *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). We have a policy of "permitting broader points of error," "liberally construing briefing rules," and relaxing the "past rigorous requirements as to the wording of points of error" in order to do justice. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 632–33 (Tex.1986). Khalaf complains not so much that the point of error is insufficient, but rather that Williams had not made the *argument* to the court of appeals that the four year statute of limitations applied. Further, Khalaf complains that Williams only belatedly made the argument to this court.

Before the reversal by the court of appeals, Williams had obtained a totally favorable judgment with which he was satisfied. In supporting the trial court's action in his brief to the court of appeals, Williams was under no obligation to argue every alternative theory on which the trial court could base its action. *See generally Boyce Iron Works, Inc. v. Southwestern Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988). When factual issues are not raised in an appeal, and the only issue is the law question of which statute of limitations applies, the court of appeals should apply the correct limitations statute even if the appellee does not file any brief. *Refugio Lumber Co. v. Bailey*, 172 S.W.2d 133, 134 (Tex.Civ.App.—San Antonio 1943, writ ref'd). Williams did not waive the argument by omitting it from his court of appeals brief.

Williams met the appellate rule's requirement that he "file with the clerk of the court [of appeals] a motion in writing for a rehearing, in which the *points* relied upon for the rehearing shall be distinctly specified." Tex.R.App.P. 100(a) (emphasis added). The argument did not appear in Williams' original application, but by supplemental letter brief Williams asked this court to consider the argument in support of his one point of error. Our rule on applications provides, "The application may be amended at any time when justice requires upon such reasonable terms as the court may prescribe." Tex.R.App.P. 131(h). We granted Williams leave to sup-

plement his application for writ of error to include the supporting argument that the four-year statute of limitations applied to the fraud claim. We gave Khalaf ample opportunity to respond in writing and during oral argument to the issue. The issue is important to the jurisprudence of the state, is properly before this court, and is dispositive of this cause.

We reverse the judgment of the court of appeals. We have reviewed the questions of law presented by Khalaf's brief as appellant in the court of appeals. We have reviewed the record concerning the evidentiary points. We hold there was some evidence to support each jury finding attacked by Khalaf before the court of appeals. As expressly permitted under the appellate rules,[5] Khalaf presented points to the court of appeals simultaneously attacking the legal sufficiency and factual sufficiency of certain jury findings. Because it rendered judgment on a legal point, the court of appeals did not pass on the factual sufficiency points. Since there is some evidence to support the jury findings, we remand the cause to the court of appeals for consideration of the factual sufficiency points on which it originally did not rule. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex.1987).

---

5. For briefs to the court of appeals the rule provides: "In civil cases, complaints that the evidence is legally or factually insufficient to support a particular issue or finding ... may be combined under a single point of error raising both contentions if the record references and the argument under the point sufficiently direct the court's attention to the nature of the complaint made regarding each such issue or finding...." Tex.R.App.P. 74(d).