NUMBER 13-04-00390-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

BOB HUBANEK, INDIVIDUALLY

AND AS PRESIDENT OF TIDEWATER

OAKS OWNERS ASSOCIATION,                                                     Appellant,

 

                                                             v.

 

ROBERT CROMEENS,                                                                      Appellee.

 

On appeal from the 130th District
Court of Matagorda County, Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








Appellant, Bob Hubanek, individually and as
president of Tidewater Oaks Owners Association, sued appellee, Robert Cromeens,
to enforce the residential subdivision=s restrictive covenants.  Hubanek claimed that Cromeens had violated
deed restrictions by erecting a metal outbuilding on his property without first
obtaining approval from the owners association. 
After a bench trial, the trial court rendered a take-nothing judgment
against Hubanek.  In four issues, Hubanek
asserts the trial court erred in refusing to enforce the restrictive covenants
and in finding that Cromeens had established the affirmative defenses of waiver
and laches.  We affirm.

Because the issues of law presented by this case are well settled and the
parties are familiar with the facts, we will not recite the law and facts in
this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4. 

In his second issue, Hubanek asserts the
trial court erred in failing to file requested findings of fact and conclusions
of law.  We consider this issue to be
without merit.  The record shows that the
trial court filed findings of fact and conclusions of law on August 11,
2004.  Appellant=s second issue is overruled.

In his first issue, Hubanek contends the
trial court erred in refusing to enforce the subdivision deed restrictions
requiring that (1) any sheet metal or metal panels used in any outbuilding have
factory-applied paint or be factory anodized, and (2) the construction of any
outbuilding be approved by the Architectural Control Committee.  Hubanek asks us to (1) reverse the trial
court=s judgment and (2) render judgment in his
favor.  We construe this as a challenge
to the legal sufficiency of the evidence. 
See Williams v. Khalaf, 802 S.W.2d 651, 658 (Tex. 1990); Holley v. Watts, 629 S.W.2d 694,
696 (Tex. 1982) (AIt is our practice to liberally construe the
points of error in order to obtain a just, fair and equitable adjudication of
the rights of the litigants.@); see also Tex. R. App. P. 38.1(e),
38.9.








The standard of review when a party attacks
the legal sufficiency of an adverse finding on an issue on which he had the
burden of proof at trial is well established. 
See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001); Sterner
v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).

When an appellant challenges a trial court=s findings of fact for legal sufficiency, we review
those findings under the same legal standard that we apply to the review of
jury findings.  BMC Software Belg.,
N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); Ortiz v. Jones,
917 S.W.2d 770, 772 (Tex. 1996).  We
review a challenge to the trial court=s conclusions of law as a legal question, reviewing
de novo the trial court's application of the law to the facts.  BMC Software Belg., 83 S.W.3d at 794; Commonwealth
Gen. Corp. v. York, 141 S.W.3d 840, 844 (Tex. App.BCorpus Christi 2004, pet. filed).

The trial court found that the material
composing Cromeens=s building was not in violation of the
subdivision restrictions and that any failure to submit plans to an
architectural committee was not a violation of established subdivision
restrictions because the committee did not exist. Therefore, the trial court
concluded Hubanek failed to prove that Cromeens had violated any restrictive
covenants.

Hubanek testified that, although he had no
definite knowledge regarding the composition of Cromeens=s building, in his opinion it did not comply
with the deed restrictions.  Hubanek also
testified that he believed there was an architectural committee in place at the
time the building was constructed, although no records of the membership of the
committee existed.

Cromeens testified that the outbuilding was
made of galvanized sheet metal, which to his knowledge was factory
anodized.  Thus, he argued, the building
was in compliance with the subdivision deed restrictions.  Cromeens also testified that he had no knowledge
of the existence of an architectural committee at anytime.  








As fact-finder, the trial court is the sole judge of
the credibility of the witnesses and the weight to be given their
testimony.  McGalliard v. Kuhlmann,
722 S.W.2d 694, 696 (Tex. 1986); Adams v. H & H Meat Prods., Inc.,
41 S.W.3d 762, 770 (Tex. App.BCorpus Christi 2001, no pet.).  Where there is conflicting evidence, the
trial court's determination on such matters is generally regarded as conclusive.  Adams, 41 S.W.3d at 770 (citing Montgomery
Ward & Co. v. Scharrenbeck, 204 S.W.2d 508, 512 (Tex. 1947)). 

After examining the record for evidence that
supports the findings and ignoring all evidence to the contrary, we conclude that there is some evidence to
support the findings of the trial court. 
See Dow Chem., 46 S.W.3d at 241. 
Therefore, we hold the evidence is legally sufficient to support the
trial court=s findings that (1) the material used in
Cromeens=s building did not violate the subdivision
restrictions, and (2) any failure to submit plans to the architectural
committee was not a violation of established subdivision restrictions because
the committee did not exist.  

Having held the trial court=s findings of fact to be legally sufficient, we
conclude the trial court correctly applied the law to the facts by finding that
Hubanek had failed to prove that Cromeens was in violation of the deed
restrictions.  Appellant=s first issue is overruled.  In
light of our disposition of appellant=s first issue, it is unnecessary to address
his remaining issues.  See Tex. R. App. P. 47.1.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
30th day of August, 2005.